PATTON & BURGEN *vs.* RAMBO.

1. Secondary evidence will not be received in lieu of primary, unless the original or primary evidence cannot be produced; and when all the evidence is of a primary character, it must go to the jury, and cannot be excluded because more conclusive proof might have been offered.

2. On the trial of an action for the false warranty of a slave, plaintiff introduced as a witness a physician who had been practicing eleven or twelve years, and who testified that he had prescribed for the slave for a month or two, and had given him a thorough examination, and that his opinion, formed from such examination, was, that he was unsound at the time of the sale. It also appeared, that another physician, who had been practicing seventeen or eighteen years, had been called in to the slave about two months before the witness, and had attended him for a time, but had removed to an adjoining county. Plaintiff did not call him as a witness, nor was any reason assigned for the failure to call him. *It was held,*

That the court properly refused to instruct the jury, on the request of defendant, "that if they believed plaintiff had a skillful physician attending the slave before witness was called in to him, and his attendance at court could have been obtained, but plaintiff had not procured it, nor given any reason why he had not done so, that this was a circumstance which they ought to consider, in determining whether or not the testimony of that physician, if he had been produced, would not make against the plaintiff."

ERROR to the Circuit Court of Lowndes.
Tried before the Hon. Robert Dougherty.

THIS was an action of COVENANT, brought to recover damages for the false warranty of a slave, sold by the defendants to the plaintiff, on the first of April, 1850. It appeared, that the slave did ordinarily good work on the plantation of the plaintiff for several months after his purchase, and in May or June after the purchase, the plaintiff expressed himself better pleased with the boy than he had expected he should be. But about August, the slave had an attack of fever, and was sick until winter. The plaintiff introduced Dr. Jackson as a witness, who testified, that he was called in to see the boy, in November, 1850, and prescribed for him for a month or two; that he had given the boy a thorough examination, and gave it as his opinion, formed from such examination, that the boy was unsound at the time of the sale. It also appeared, that Dr. Henkle had been called to the boy about two months before Dr. Jackson, and had attended him for a time, but

that he had removed to Montgomery, about twenty-four miles from the place of trial. It further appeared, that both Henkle and Jackson were good physicians; that Henkle had practiced seventeen or eighteen years, and Jackson eleven or twelve years. Henkle, who had been called to see the boy about two months before Jackson attended him, was not called by the plaintiffs as a witness, nor was any reason assigned why he was not. These are the material facts that gave rise to the following request, made by the defendant, for instructions; "that if the jury believed, that the plaintiff had a skillful physician attending the slave before Dr. Jackson was called in, and his attendance at court could have been obtained, but the plaintiff had not procured it, nor given any reason why he had not done so, that this was a circumstance that the jury ought to consider, in determining whether or not the testimony of that physician, if he had been produced, would not make against the plaintiff." This charge the court refused to give, and the defendant excepted.

GEORGE W. STONE, for plaintiffs.

1. Testimony will not be received, which in its nature supposes the existence of a higher grade of evidence. A party will not be allowed to make out his case by circumstances, when it appears that he has the means of proving the facts positively, and fails to do so. Or when suspicion is cast on a transaction, and the opposite party could, but fails to produce evidence that would make the case clear, in such case the law presumes that the better evidence, if produced, would disclose facts prejudicial to the party withholding them. This presumption is founded in our common experience, which teaches, that a man will always offer the best evidence in his power, to establish his case.

2. Whenever, in the progress of a cause, it is shown that other testimony, much more satisfactory, might have been adduced, and no effort was made to obtain it, and no excuse given for the failure to produce it, the jury is authorized to infer that such testimony, if adduced, would make against the party. Rex v. King, 5 C. & P. 123 ; 24 E. C. L. R. 239 ; Mervin v. Ward, 15 Conn. 377 ; Rector v. Rector, 3 Gilman, 105 ; Governor v. Roberts, 2 Hawks' R. 26 ; Columbian Ins.

Patton and Burgen v. Rambo.

Co. v. Lawrence, 2 Peters' 25–44; Cockerell v. Smith, 1 La. Ann. R. 1, (cited in 3 U. S. Ann. Digest, 208, § 140.) If this rule is not of universal application, it certainly applies to this case; for the physician who is first called in to a patient has the best opportunity of forming a correct opinion as to the origin and duration of the disease.

3. The witnesses in this case are experts, and their testimony was offered in that light. This court has decided, that the opinion of a physician of "superior skill, and greater power or opportunity of observation, is entitled to greater weight, although both witnesses are competent." Tullis v. Kidd, 12 Ala. Rep. 650.

4. It is no answer to this argument, to say that the defendants might have called Dr. H., if his testimony was in their favor. The defendants presumed that the plaintiff would produce the testimony of the attending physicians, and could not tell who they were, until their names were disclosed at the trial.

DARGAN, C. J.—The general rule in reference to the question raised in this case is, that secondary evidence shall not be received in lieu of primary, unless the original or primary evidence cannot be produced; and when all the evidence is of a primary character, it must go to the jury, and cannot be excluded because more conclusive proof might have been offered. Greenl. Ev. Vol. 1 § 8; Tayloe v. Riggs, 1 Peters, 591; The United States v. Reyburn, 6 Peters, 352.

This rule the counsel for the plaintiff does not controvert, but he insists, that even when all the evidence, both that which might have been introduced, as well as that which is introduced, is primary or original in its character; still, if that which is offered is less satisfactory and conclusive than that which might have been, but was not, introduced, this is a circumstance that makes against the party, and should be so considered by the jury, in weighing the testimony actually introduced. I am not satisfied, that the authorities to which he refers sustain the distinction which has been drawn. But if it were admitted, that the distinction does, or ought to exist, yet it is very certain, that before the court should instruct the jury, that the failure to introduce the more conclusive

proof was a circumstance against the party, it should clearly appear to the court, that the proof withheld, or not introduced, could more clearly or fully explain the point in issue, than the proof relied on did. Unless this should be made distinctly to appear, no one could say what the evidence withheld could explain or show ; and certainly no party is bound to introduce every witness to a fact, that might be called; he need only prove the fact sufficiently. Before, therefore, the evidence introduced can be impugned, or in the slightest degree impeached, upon the idea that the party has withheld the better or more conclusive evidence, it must distinctly appear, that the evidence not introduced could more clearly explain the fact in controversy, than the evidence offered.

Applying this test to the case before us, there is no error ; for we cannot, nor could the court below say, that Dr. Henkle was better qualified to testify to the character of the disease under which the slave labored, than Dr. Jackson. They were both shown to be physicians of skill, and though Dr. Henkle was called in first, it does not appear that he did more than prescribe for the ordinary fevers of the country. But when Dr. Jackson was called to see the slave, two months afterwards, he examined the slave thoroughly, and from this examination testified as to the nature and duration of the disease. Under these circumstances, we cannot say that Dr. Henkle could have testified more accurately than Dr. Jackson, and therefore it did not appear that the plaintiff could have introduced more satisfactory or conclusive proof than he did.

Let the judgment be affirmed.