# THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. MAURICE McGRATH, APPELLANT.

CRIMINAL LAW.—LARCENY, SUBJECT OF.—A phonographic report of testimony taken upon a trial and having no intrinsic value except for such report may be the subject of larceny as personal property.

ID.—LARCENY.—VALUE OF PROPERTY STOLEN.—Such phonographic report having no market value, its value to the person who can use the testimony is the proper standard of value.

ID.—REMARKS OF COUNSEL.—Counsel for prosecution in addressing the jury stated that the testimony of two witnesses as to a certain fact stood uncontradicted; and that it was in defendant's power to explain it, but did not say *how* defendant could explain it, *held*, that as these statements merely claimed that uncontradicted witnesses told the truth, that they did not suggest any inference against defendant for his failure to testify.

ID.—STATEMENTS OF DEFENDANT.—Statements that appear to have been voluntary, made to officer, may be admitted in evidence.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Mr. George Sutherland,* (*Messrs. Hoge & Burmester* with him on the brief) for appellant.

*Mr. Ogden Hiles* and *Mr. James N. Kimball,* for respondent.

ZANE, C. J.:

The defendant was accused by indictment in the first district court of the crime of grand larceny, and convicted. The indictment charged that the crime was committed by taking from Alma H. Winn, during the trial of the case of *Bullion, Beck and Champion Mining Company* v. *Eureka Hill Mining Company,* 11 of his books, containing a phonographic report of the testimony of witnesses examined on the trial. It appears from the evidence in the record that the loss of the notes necessitated the retaking of the

testimony, there being no duplicate report. The evidence
showed that Winn was the official reporter of the court, and
that the books were taken from his possession without his
knowledge or consent. They were alleged in the indict-
ment to be worth $500. The evidence showed that the re-
porter received $10 per day for reporting, and that he was
engaged 11 days in making the report. Winn testified
that in view of the cost of making the report, and of the
value thereof for transcription, and of the importance of
the case, the books taken were of the value of $1,000.
The appellant insists that the phonographic report of the
testimony was not the subject of larceny, and we are referred
to 2 Russ. Crimes, 262. Having stated that written instru-
ments relating to real estate, and choses in action, were not
the subject of larceny at common law, the author gives the
reason for the rule: "And the reason why title deeds and
choses in action are not the subject of larceny is because
the parchment is evidence of the title to land, and the
written paper is the evidence of the right, and, though the
evidence is stolen, the right remains the same; and a right
cannot be subject to larceny; neither can the paper which
is evidence of it." This reasoning is quite refined, if not
subtle. We do not concede that choses in action and title
deeds are not the subject of larceny at the common law as
it is now understood and applied in this country. But if
we were to concede that they were not, the books in ques-
tion are neither title deeds nor choses in action. They are
not within the letter or the reason of the rule. Those
books contained the expression in phonographic characters
of the knowledge of the witnesses with respect to the sub-
ject of the action in which the notes were taken for use
therein. Larceny is described in the Criminal Code of
this territory as follows: "Larceny is the felonious steal-
ing, taking, carrying, leading, or driving away the personal
property of another." Personal property may be said
generally to include everything that is the subject of
ownership, not being land, or an interest in land. We are
of opinion that the books in question are personal property.

It is urged that the court erred in adopting a wrong
standard of value on the trial, and that the true standard

was the market value of the paper contained in the books. The testimony reported in these books gave to them their value, and for this there was no market. The market value is the right standard of value of property for which there is competition. But this phonographic report was only valuable for the use that could be made of it in the case in which it was taken. The use that may be made of property gives to it its value. If it can be used by many, it will have a market value; if but by one, it will be valuable to him alone. And the value to him is the one that must be taken in estimating its worth. In such a case it is sufficient to prove the market value to that person. 3 Greenl. Ev. sec. 153. *Com.* v. *Riggs,* 14 Gray, 376; *Com.* v. *Lawless,* 103 Mass., 425.

The appellant insists that the judgment of the lower court should be reversed because one of the counsel for the people, in the statement of the case to the jury, said: "The testimony of Pyne and Giblin as to the fact of the conversation having occurred between Giblin and the defendant, with reference to the loss of these notes, on that Saturday, stands here unexplained; and it was in the power of the defendant, if no such thing occurred, to explain it, and his failure to do it seems to me to make that testimony conclusive as to the fact of the conversation occurring on that evening in the drug store." The counsel said, in effect, that the presumption was that the conversation occurred in the drug-store, as stated by the two witnesses, in the absence of evidence to the contrary. He did say that the statement was unexplained, and that it was in the power of the defendant to explain it; but *how,* counsel did not intimate. He did not refer to the fact that the defendant was a competent witness, and had not testified; and he claimed no inference against him because he had not. He did claim that the presumption was that the witnesses named told the truth. In the absence of explanation, reasonable statements of unimpeached witnesses are presumed to be true when uncontradicted. In a larceny case, when the evidence shows that the property stolen was found in the possession of the defendant soon after the theft, it would not be error to say to the jury that such possession, without

any reasonable explanation, would be evidence of guilt. But we do not wish to be understood as intimating that it would not be error for the prosecution to state to the jury that a defendant who had not testified, had the right to do so, or to suggest any inference against him because he had not.

There was no error in the ruling of the court permitting the witness Turner to testify in regard to a conversation with the defendant. The statements made by the defendant appear to have been voluntary.

We find no error in this record. The judgment of the court below is affirmed.

BOREMAN, J., and HENDERSON, J., concurred.