# Pollak *v.* Harmon.

*Trespass against Attaching Creditors, by Purchaser from Defendant in Attachment.*

1. *Failure to introduce witness, as suspicious circumstance.*—In trespass against attaching creditors, by a purchaser from the defendants in attachment, the validity of the transaction being assailed on the ground of fraud, and the plaintiff himself having testified as to its *bona fides* and the consideration paid, his failure to introduce the debtors as witnesses, they being present in court, is not a suspicious circumstance against the validity of the transaction, and does not authorize any presumption against him; and the court may properly refuse to charge the jury to the contrary.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. JESSE M. CARMICHAEL.

ROQUEMORE, WHITE & McKENZIE, NORMAN & SON, and A. A. WILEY, for appellant.

CABANISS & WEAKLEY, and WATTS & SON, contra.

CLOPTON, J.—On the trial of this action of trespass, brought by appellee against appellants, for levying an attachment against Harmon Bros. on a stock of goods which plaintiff claimed to have purchased from the defendants in attachment,

both the vendors were sworn, and with other witnesses placed under the rule. The consideration alleged to have been paid was plaintiff's assumption of a debt of Harmon Bros. to Lehman, Durr & Co., for which he had become personally liable as surety, and to secure which he had mortgaged his real estate; also, his obligation to hold Harmon Bros. harmless against the payment of the debt. The vendors were not examined, plaintiff choosing to rely upon his own testimony to prove the consideration and the *bona fides* of the transaction. Defendants requested the following charge: "The failure of the plaintiff, if such is the fact, to introduce the grantors of the bill of sale as witnesses to prove the consideration of the instrument, if they were present in court, is a circumstance of suspicion that the jury may look to in determining their verdict, if there were any suspicious circumstances surrounding the transaction of making the sale." The refusal to give this charge is the only error assigned.

There is a rule of evidence, that when a party has in his possession, or power to produce, the best evidence of which the case in its nature is susceptible, and withholds it, the fair presumption is, that he withholds it from some sinister motive, and that its production would thwart his evil or fraudulent purpose. This rule "excludes that evidence which itself indicates the existence of more original sources of information." There is also another rule, that when a party has the means of producing a witness, who possesses peculiar or higher knowledge of the transaction, and fails to produce him, this affords ground for suspicion that the testimony of such better informed witness would be unfavorable to his claim. Also, when any material circumstance is left unexplained, or there is an irreconcilable conflict of testimony, preponderating on neither side, and the party has, or is presumed to have, the means of explaining or contradicting, the failure to introduce the explanatory or contradictory testimony raises a presumption against the party on whom is the burden of proof, and is a circumstance to be weighed against him.—2 Whar. on Ev., § 1267. Neither of the foregoing rules requires the production of the greatest amount of evidence which it is in the power of the party to produce as to any given fact. In the language of an eminent jurist, the rule is not infringed, "where there is no substitution of evidence, but only a selection of weaker instead of stronger proof, or an omission to supply all the proofs capable of being produced."—1 Green. on Ev., § 82.

Similar charges have been considered and disapproved. In *Jackson v. State*, 77 Ala. 18, the charge requested was, "If there were but two witnesses to the difficulty, which resulted

in the death of the deceased, and the prosecution has only called one of them, the presumption is, that the testimony of the other witness would not be favorable to the prosecution, and the jury would be authorized to predicate a reasonable doubt on the failure to introduce the other witness;" and in *Carter v. Chambers*, 79 Ala. 223, the charge asked was, "If a party has a witness within his power to produce, and fails to produce him, the presumption is fair, that the witness, if produced, would not support the right of the party." In respect to the refusals of the court to give these charges, respectively, it was said in the first case: "All the law requires is sufficient proof, and a party is not bound to produce all the witnesses to the facts. No presumption unfavorable to the prosecution arises from an omission to examine all the witnesses to the transaction." And in the case last cited, it is said: "The second charge is too general and comprehensive in its terms. Carried to its extent, it would require of a suitor that he should produce all the witnesses, no matter how numerous they might be, who knew any thing of the transaction, and failing to do so, to have the presumption indulged against him, that such witnesses, if produced, would not support his right." The proposition of the charges under consideration reaches beyond the extent and purpose of either of the above stated rules, which are designed to prevent fraud. It requires a party to produce and examine all the witnesses to the transaction in his power, though all the evidence may be primary, or of equal grade, and no circumstance to contradict or explain—merely cumulative evidence.

On the principle, that when a transaction assailed by creditors as fraudulent is between relatives, clearer and more satisfactory proof of the fairness of the transaction and explanation of every suspicious circumstance is required, than when the transaction is between strangers, appellants insist that a party, who holds clearer and more satisfactory evidence of the matter in dispute than that offered, and which he has power to produce, and fails to do so, subjects himself to the imputation of withholding such evidence from sinister motives. The same principle was contended for in *Patton v. Rambo*, 20 Ala. 485. The contention there was, that when all the evidence introduced is primary or original in its character, still, if that which is offered is less satisfactory and conclusive than that which might have been, but was not introduced, this is a circumstance that makes against the party, and should be considered by the jury in weighing the testimony actually introduced. It is said: "But, if it were ad-

[New England Mortgage Security Co. v. Powell.]

mitted, that the distinction does or ought to exist, yet it is very certain that, before the court should instruct the jury that the failure to introduce the more conclusive proof was a circumstance against the party, it should clearly appear to the court that the proof withheld, or not introduced, could more clearly or fully explain the point in issue than the proof relied on did. Unless this should be made distinctly to appear, no one could say what the evidence withheld would explain or show; and certainly no party is bound to introduce every witness to a fact, that might be called—he need only prove the fact sufficiently."

Both the grantors in the bill of sale were in court, and equally in the control of both parties. In such case, the jury, being in duty bound to determine the case upon the facts shown, and the evidence actually introduced, have no right to presume what would have been shown, had the grantors in the bill of sale been examined as witnesses. The failure to examine them may have been the proper subject of comment before the jury, but furnishes no ground for any unfavorable presumption against either party.—*Scovill v. Baldwin*, 27 Conn. 216. In the opinion of the jury, as appears from their verdict, the plaintiff established his case by evidence of requisite certainty. This is all the law requires, and if plaintiff chose to rely on the evidence of the consideration and *bona fides* of the transaction actually introduced, the failure to examine the grantors in the bill of sale to prove its consideration is not a circumstance of suspicion to which the jury may look in determining their verdict, and does not authorize, under any recognized rule, a presumption against him.

Affirmed.