# Brock *v.* The State.

*Indictment for Adultery.*

1. *Establishment of bill of exceptions where term of presiding judge expires before bill signed.*—Where the official term of the judge who tried a cause ends before the expiration of the time allowed for signing the bill of exceptions, the party appealing from the judgment of the trial court has, under the statute (Code, § 622), the right to establish the bill of exceptions in the appellate court upon sufficient proof of its correctness.

2. *Adultery; failure to introduce co-defendant as witness does not justify unfavorable inference.*—On the separate trial of one of two defendants jointly indicted for adultery, the other defendant is a competent witness for either party, and being equally accessible to the State as a witness as to the defendant, no unfavorable inference or presumption arises against the defendant being tried for a failure to call his or her co-defendant as a witness. ` (TYSON, J., *dissenting.*)

3. *Same; same; argument by prosecuting attorney before jury.*—On the separate trial of one of two defendants jointly indicted for adultery, it is not permissible for the prosecuting attorney in his argument to the jury to comment upon the failure of the defendant being tried to call his or her co-defendant as a witness; and the refusal of the court on motion of the defendant to restrain such argument and exclude such remarks of the solicitor, constitutes a reversible error. (TYSON, J., *dissenting.*) '

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. JAMES J. BANKS.

The defendant Polly Brock was jointly indicted with one Bill Coppin for living in adultery. On motion, a severance was had and the defendants were tried separately.

Under the opinion on this appeal, it is unnecessary to set out in detail any of the facts relating to the rulings of the trial court to which exceptions were reserved, except that in reference to the argument of the solicitor.

In reference to this ruling the bill of exceptions contains the following recital: "In the course of his argument the solicitor stated to the jury that Bill Coppin had failed to take the stand and deny his illicit intercourse with the defendant, or explain what he was doing out in the woods. Defendant objected and excepted to this statement of the solicitor, because Bill Coppin was one of the defendants, and his failure to testify could not be made the subject of comment. The court refused to sustain this exception, but stated that the argument was legitimate, and to this action of the court the defendant then and there duly excepted."

The cause was tried before the Hon. J. J. Banks, but before the preparation of the bill of exceptions, the term of the Hon. J. J. Banks as circuit judge had expired, and not having been re-elected, he declined to sign the bill of exceptions, being without authority thereto. In this court the defendant moved to establish the bill of exceptions, setting out in her motion the facts just stated, and submitting with said motion the affidavit of counsel that the facts were true.

EMMET O'NEAL, for appellant.—The refusal of the court to restrain the argument of the prosecuting attorney before the jury in commenting upon the failure of the defendant to call his co-defendant as a witness, constitutes reversible error.—Code, § 5297; *Bates v. Morris,* 101 Ala. 282; *Cooper v. State,* 86 Ala. 610; *Crawford v. State,* 112 Ala. 1; *Jackson v. State,* 77 Ala. 18; *State v. Marceaux,* 24 So. Rep. 615; *Wilson v. U. S.,* 149 U. S. 60; *Hunt v. State,* 28 Tex. 149; *Johnston v. State,* 20 S. W. Rep. 980; *Brazzell v. State,* 26 S. W. Rep. 723; *Richardson v. State,* 27 S. W. Rep. 130; *Dawson v. State,* 24 S. W. Rep. 414; *Yarbrough v. State,* 70 Miss. 593; *Foster v. State,* 45 Ark. 328.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—The official term of the trial judge having ended before the expiration of the time allowed for signing the bill of exceptions, the defendant has the right to establish it here upon sufficient proof of its correctness.—Code, § 622. The proof submitted upon the mo-

[Brock v. The State.]

tion to establish the bill of exceptions without conflict shows it to be correct and the motion will, therefore, be granted.

The defendant and one Bill Coppin being indicted jointly, a severance of the trial was obtained.

The solicitor in his argument to the jury commented upon the fact that Coppin "had failed to take the stand and deny his illicit intercourse with the defendant, or explain what he was doing out in the woods." Upon objection by defendant's counsel to this comment, the court stated that the argument was legitimate.

There is a recognized rule of evidence which authorizes a presumption unfavorable to a party failing to produce a witness having peculiar knowledge of facts from which the party claims a benefit and where the witness is accessible to such party and not to his adversary.

In *Bates v. Morris,* 101 Ala. 282, this rule was referred to; and it was added that "such presumption is, however, indulged with great caution and only when it is manifest the evidence is within the power of one party and is not accessible to his adversary." In that case the question involved the *bona fides* as to creditors of Bates of a transfer of property by him to his wife, and it was held that the last rule stated was applicable, and that no unfavorable inference could be raised against the wife from her failure to introduce her husband as a witness though he was present at the trial.

While there has been diversity of opinion in courts of other States as to the right of the jury to consider the non-production of witnesses as a circumstance against the party to whom they are available, the decisions of this State appear without conflict to sustain the rule as stated in *Bates v. Morris, supra.—Patton v. Rambo,* 20 Ala. 485; *Jackson v. State,* 77 Ala. 18; *Carter v. Chambers,* 79 Ala. 223; *Pollak v. Harmon,* 94 Ala. 420; *Crawford v. State,* 112 Ala. 1. The last quoted case denied the right of counsel to comment in argument upon the failure of the opposite party to examine a witness who was accessible to both parties.

The authorities rest upon the consideration that there is in such cases no presumption that the testimony, if

[Brock v. The State.]

taken, would be more favorable to one party than to the other, and no room for conjecture as to what might have been shown by an examination.

In the present case Coppin could not have been compelled to testify to any fact tending to criminate himself. The offense being one of which he and the defendant must both have been either guilty or innocent, his mere refusal upon the ground of self-incrimination might have been construed by the jury to the defendant's disadvantage. On the contrary, if he had not declined, the credibility of his testimony would have been open to assault upon the ground of interest.

If in view of the fact that the scope allowed to his examination would have depended largely upon Coppin's own volition, the testimony could be deemed accessible to the defendant, yet it does not appear to have been less accessible to the State.

Under the circumstances no presumption could arise that the testimony was withheld from sinister motives, and the jury should have been left to try the issue upon the evidence introduced.

The proneness of the jury to consider a defendant's failure to testify in his own behalf and the prejudice to the defendant which would naturally result therefrom induced the legislative prohibition against any adverse comment in argument upon such failure.

The statute does not cover this precise case, but the argument was improper under the general rule before stated; and in determining its effect, we are impressed with the consideration that the same results which the statute intended to forestall when the defendant is not examined, may follow as well when the person not produced is one jointly implicated with the defendant. The argument objected to was, therefore, forcibly calculated to injure the defendant's case, and the error committed in its indulgence must work a reversal of the judgment.

Some exceptions relating to the admission of testimony appear in the record. They could not affect the disposition to be here made of the case, and may not arise on another trial.

The defendant will be held until legally discharged and the cause will be reversed and remanded to the circuit court.

TYSON, J., dissenting.—The opinion in this case practically destroys all room for the application of the universal rule or doctrine recognized by this court and all courts of last resort, as will be shown by a careful examination of the facts as presented by the record and a proper analysis of the cases of this court cited in the opinion, and of the opinions of other courts, upon the point here involved. One of the theories for a refusal to apply the rule, recognized by the writer of the opinion in this case, is based upon the idea that Coppin was "accessible" as a witness for the State. To my mind the writer has misconceived the meaning of the word "accessible" and the rule or doctrine involved in this case. He limits the meaning of the word "accessible" to the presence in person of the witness or the power of the State to procure his personal presence. Such an interpretation, I repeat, not only practically abolishes the application of the rule but practically destroys it by limiting it in its application to only those cases where the whereabouts of the witness is known to and he is accessible to the defendant and unknown to the prosecuting officers of the State. If this is the correct meaning of the word, and if the learned Chief Justice who made use of it in the case of *Bates v. Morris,* 101 Ala. 282, had intended to be so understood, he would never have employed this language: "The first instruction given to the jury at the request of the appellee is not very clearly expressed. As we construe it, as matter of law, it asserts, that the failure to examine the husband as a witness, should be regarded as a fact or circumstance tending to the proof or disproof of the matter in dispute. It may be, that it was intended to assert no more than the failure to examine the husband was matter of inference or presumption unfavorable to the appellant in weighing the other evidence. In either point of view, we deem the instruction erroneous. The husband was in court, accessible to either party and a competent witness to the same extent for the one party, as for the other; and it is difficult to assign any just reason for imputing the failure to examine him as a witness, as matter of evidential inference or as ground of unfavorable presumption for or against

· the one party, which would not apply to the other. To neither can be imputed the withholding or suppression of evidence; and all that can be properly said is, that neither deemed it necessary to *add* the evidence of the husband touching the matter in dispute." The facts of the case show that Mrs. Bates had introduced evidence in support of her claim and it was a matter of dispute between her and the plaintiff upon conflicting testimony; therefore the rule here involved had no application, as we will show later on in this opinion. The Chief Justice, however, did state the rule to be this: "Cases arise in which material facts lie exclusively within the knowledge of a particular person. If such person is accessible and is not produced and examined, the party claiming benefit from the facts must generally fail from a want of evidence. And cases may present themselves in which a person having peculiar knowledge of facts from which a party claiming to derive benefit is accessible to such party and not to his adversary. If such person is not produced and examined, a presumption may arise that the facts do not exist. Such presumption is, however, indulged with great caution, and only when it is manifest the evidence is within the power of the one party and is not accessible to his adversary. The husband was a party to the transaction impeached, and it may be, the principal actor in it, of necessity having full knowledge of all the facts attending it. The appellant was the other party having equal knowledge and was examined. There is no room for any inference that she had omitted the statement of any material fact to which the husband would have testified, or that his evidence would not have been merely cumulative, corroboratory of the evidence she had given."

It is very clear that if the word "accessible" is to be limited to the presence or the power to compel the presence of the witness by the process of the court, then much of the language quoted is meaningless. Besides the language used by Chief Justice Stone, and quoted by Justice Sharpe, upon which he builds the structure of his opinion, is not fairly susceptible of this construction. The language is: "Such presumption is however indulged with great caution and only when it is manifest the *evi-*

*dence* is within the power of the one party and is not accessible to his adversary." It will be noted that Judge STONE says, when the *evidence,* not the witness, is not accessible to his adversary. It is inconceivable how a witness can be accessible in the sense in which Justice SHARPE limits the meaning of the phrase quoted by him to one party litigant and inaccessible to his adversary, if the witness' whereabouts is known to both. Each of the parties litigant are equally entitled to all the processes of the court to compel his attendance and therefore can compel him to attend. This right to process to compel the attendance of the witness doubtless existed at the time the rule under consideration originated. This being true, just how the rule, admitting for the sake of this discussion that it was correctly stated in *Bates v. Morris,* 101 Ala., *supra,* which however we will show later on is not the true one, was called into being and became almost universally recognized and adopted by the courts, is beyond comprehension. Bearing in mind that it is not so much the presence of the witness that a party litigant stands so much in need of, as it is the testimony to which the witness will depose with fairness, impartiality and truthfulness, it is the latter that makes the witness accessible or available to both parties litigant. It is within the experience of all connected with the administration of justice and the trial of causes, that witnesses are more or less influenced by the circumstances surrounding them at the time of the trial, their relation to the parties litigant, etc. It is in recognition of this principle that a witness though not of kin to the party calling him to testify, or in anywise connected with such party in a business way, yet is in the employ of some person who is taking an interest or is interested in the success of the cause of the party calling the witness, the adversary may on cross-examination elicit from such witness the fact of his employment.—*Pref. Acc. Insurance Co. v. Gray,* 26 S. R. 517, *infra.* Witnesses oftentimes, owing to the peculiar relations they bear to one or other parties to the controversy, not only withhold their knowledge of the facts from the party in adverse interest to their friend or relation, but would be

only too glad of an opportunity if called to testify by the adverse party to state every damaging fact they can to his disadvantage true or false. So partisan do they become at times, that, however honest they may be, they are not available to the party to the suit to whom they are hostile, to elicit the truth in full of the transaction of which they possess a full knowledge.

The foregoing considerations are conclusive to my mind of the mistaken meaning of the word "accessibility;" and conclusive that a witness to the transaction may be present in the court during the trial and yet not be accessible to the State, in the sense that he may be so hostile to the prosecution or so connected with the defendant, as that his testimony would be unavailable to the State.

But the extract from the case of *Bates v. Morris,* 101 Ala., *supra,* made use of by Justice SHARPE is a much stronger statement of the rule than can be found in any cases where the question has arisen, and is not in harmony with any statement of the rule that I have been able to find. And it would seem upon principle that it is too strongly stated. The rule in my judgment was correctly stated by Chief Justice STONE in the case of *Carter v. Chambers,* 79 Ala. 231, to be: "There is a rule and a just one, that if a party has a witness possessing peculiar knowledge of the transaction and supposed to be favorable to him and he fails to produce such witness when he has the means of doing so, this, in the absence of all explanation, is ground of suspicion against him that such better informed testimony would make against him."

Practically the same language was used by Justice CLOPTON in *Pollak v. Harmon,* 94 Ala. 420, where he said: "There is also another rule, that when a party has the means of producing a witness who possesses peculiar or higher knowledge of the transaction and fails to produce him, this affords ground for suspicion that the testimony of such better informed witness would be unfavorable to his claim."

Again in the case of *Buchanan v. The State,* 55 Ala. 158, we find this language: "The burden is on the State, to prove the guilt of the accused; and is not necessarily

on the defendant to explain suspicious circumstances. True, if the explanation be in his power and he fail to offer it, this will furnish an additional ground of suspicion."

The presumption, or more properly speaking the unfavorable inference, under the rule as laid down in the cases of *Carter v. Chambers*, 79 Ala. 223, and *Pollak v. Harmon*, supra, the jury may be authorized to indulge, arises not out of the accessibility or inaccessibility of the witness to either of the parties litigant, but out of the failure of a party to explain or otherwise rebut damaging facts introduced in evidence against him by a witness accessible *to him* possessing a knowledge of the transaction supposed to be favorable to him, if such favorable fact exists.

In no case in this court, have the facts of the case warranted the application of the rule. In all of them where this rule was asked to be applied, the party against whom its enforcement was sought had offered evidence in support of his contention. Clearly when the point in controversy is disputed by testimony, it then becomes a matter of what weight the jury will give to the testimony of the witnesses introduced by the parties to the controversy. And practically this is all that any of the adjudications of this court decide.

We are not, however, without cases in which the rule has been applied in other jurisdictions. These cases are numerous and the rule as stated in them comports with the one laid down in *Carter v. Chambers* and *Pollak v. Harmon*. Many of them are criminal cases and involve the correctness of the prosecuting attorney's comment, as here, upon the defendant's failure to explain by a witness accessible to him possessing a knowledge of the incriminating facts introduced by the State against him. Notably among these is the case of *Graves v. United States*, 150 U. S. 118, where the rule is clearly stated to be as follows: "It was said by Chief Justice SHAW, in the case of *Commonwealth v. Webster*, 5 Cush. 295, 316: 'But when pretty stringent proof of circumstances is produced tending to support the charge, and it is apparent that the accused is so situated that he can offer evi-

[Brock v. The State.]

dence of all the facts and circumstances as they existed,
and show, if such was the truth, that the suspicious cir-
cumstances can be accounted for consistently with his
innocence, and he fails to offer such proof, the natural
conclusion is that the proof, if produced, instead of re-
butting, would tend to support the charge.' The rule
even in criminal cases is, that if a party has it peculiarly
within his power to produce witnesses whose testimony
would elucidate the transaction, the fact that he does
not do it creates the presumption that the testimony, if
produced, would be unfavorable." See also the following
authorities: *Mercer v. The State,* 17 Tex. App. 452;
*Grimes v. The State,* 28 Tex. App. 516; *Jackson v. The
State,* 31 Tex. Crim. Rep. 342; *State v. Weddington,* 103
N. C. 364; *People v. McGrath,* 5 Utah 525; *The State v.
Toombs,* 79 Iowa 741; *Com. v. Clark,* 14 Gray 372;
*People v. Hovey,* 92 N. Y. 559; *Gordon v. People,* 33 N.
Y. 508; *Com. v. Webster,* 5 Cush. 295; *Lothrop v. Ad-
ams,* 133 Mass. 477; *Lynch v. Peabody,* 137 Mass. 93;
*Com. v. Haskell,* 140 Mass. 128; *McDonough v. O'Neil,*
113 Mass. 92; *Robinson v. Woodford,* 37 W. Va. 377;
*Sutton v. Com.,* 85 Va. 128; *People v. Mills,* 94 Mich.
630; *State v. Ward,* 61 Vt. 191; *State v. Matthews,* 98
Mo. 125.

The other theory upon which Justice SHARPE declines
to apply the rule in this case, is that Coppin's testimony
was not accessible to the defendant for the reason that
he could not have been compelled to testify to any fact
tending to criminate himself. "The offense being one of
which he and the defendant must both have been either
guilty or innocent, his mere refusal upon the ground of
self-incrimination might have been construed by the jury
to the defendant's disadvantage. On the contrary, if he
had not declined, the credibility of his testimony would
have been open to assault upon the ground of interest."

I will discuss each of the propositions in the order in
which they are stated, and will attempt to show the fal-
lacy of each. As to the first, upon the state of the case
as presented by the record, we must indulge a presump-
tion against the correctness of the rulings of the trial
court and in favor of the error complained of, in order
to maintain its soundness. This is reversing the doc-

trine declared by this court in all of its opinions. It has been uniformly held that error must affirmatively appear from the record, and that the presumption is always indulged to sustain the correctness of the judgment of the trial court. The record discloses that the defendant and Coppin were jointly indicted, and on her motion a severance was granted and an order entered for their separate trials which were had. It nowhere discloses whether or not Coppin had been tried, and the result of that trial. If he had been tried, and I insist that we must indulge the presumption that he had, he could have been compelled to testify and could not have refused to do so.

As to the second proposition, it can be said the record does not disclose that the offense was one which Coppin and defendant must both have been guilty or innocent. It may be, and the facts contained in this record bear out the statement, that one of the defendants jointly indicted and tried for the offense of adultery, may be found guilty by the jury under the testimony offered by the State and the other not guilty. When one of the defendants has made a confession of his or her guilt or made a statement of some incriminating fact and the other has not, in such a case the jury would be authorized to convict the one and acquit the other. Such was the condition of the testimony as appears by this record in this case. After Coppin's trial and it may be his acquittal, and this may be presumed to sustain the judgment of the court, in the absence of any statement to the contrary in the record, he certainly was not open to the assault upon the ground of interest.

But we may concede that the witness possessing the knowledge is subject to impeachment upon the ground of interest, or for that matter, for general bad character. Yet this cannot be said as a matter of law, to be a good excuse for not complying with the mandate of the rule. *Com. v. Clark*, 14 Gray 373. Nor can it be said to violate the statute making the defendant a competent witness to testify, but his failure to do so shall not create any presumption against him, nor be the subject of comment by counsel.—Code, § 5297.

[Elder v. The State.]

There was no allusion in the remarks of the solicitor to her failure to testify, but simply her failure to introduce Coppin who could have contradicted the evidence introduced by the State tending to establish his illicit intercourse with her, or who could have explained what he was doing out in the woods with her. Besides the objection to these remarks was not made on this ground, but exclusively upon the idea that Coppin's failure to testify could not be made the subject of comment.

This precise question was passed upon in the following cases cited *supra*: *Jackson v. The State, The State v. Weddington, People v. McGrath, Sutton v. Com., State v. Mathews,* in which it was held that similar comments as here did not offend statutes containing substantially the same provisions as ours.

The defendant failing to introduce any testimony whatever, clearly her conduct in this respect was the subject of comment and this record discloses a case where the rule ought to be applied and enforced, as it is applied and enforced by the courts of other States. The case last above cited is notably an authority for the position I contend for. It is on all fours with this on the point under consideration.

In my opinion the judgment of conviction ought to be affirmed.