# DuBose *v.* Conner.

### *Detinue.*

(Decided April 16, 1911.   55 South. 433.)

1. *Trial; Argument of Counsel.*—It is erroneous to permit counsel, in argument to the jury to call attention to the failure of an adversary to examine the witness summoned by him and present at the trial as a circumstance for their consideration.

2. *Charge of Court; Degree of Proof.*—In civil cases the jury is required to be reasonably satisfied under the evidence as to the truth of a fact in evidence, and hence, charges asserting, that if the jury from the evidence cannot say that the property belongs to the plaintiff they must find for the defendant; that the jury must be satisfied from a preponderance of the evidence that the property belongs to the plaintiff, and that if the proof leaves the jury in doubt as to the ownership the finding must be for the defendant, are properly refused.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue by C. V. Conner against Dudley Du Bose. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following argument of plaintiff's counsel was objected to by the defendant, and motion made to exclude it from the jury, which objection and motion was overruled: "That some witnesses were summoned by the defendant and not put upon the stand," and "Why didn't he place Clarence Du Bose on the stand?" and

[DuBose v. Conner.]

"If he had that witness here, he should have put him up and let the jury know the truth of the matter," and, "Mr. J. C. Du Bose is here, and he could have given some light on it, and was summoned as a witness for the defendant."

The following charges were requested by the defendant: "(3) I charge you, gentlemen of the jury, that plaintiff has the burden of proof resting upon him in this case, and if the jury from the evidence cannot say that the property belongs to the plaintiff you must return a verdict for the defendant. (4) I charge you, gentlemen of the jury, that you must be satisfied by a preponderance of the evidence that the hog sued for belongs to the plaintiff before you can bring in a verdict against the defendant. (5) I charge you, gentlemen, if the proof leaves you in doubt as to the ownership of the hog, you must find for the defendant."

OSCAR S. LEWIS, for appellant. The court erred in permitting the argument of counsel.—*Bates v. Morris,* 101 Ala. 282; *Brock v. The State,* 123 Ala. 24; *Thomas v. The State,* 150 Ala. 44; c. c. 156 Ala. 177. The court erred in refusing charge 3.—*Jarrell v. Lillie,* 40 Ala. 271. The court erred in refusing charge 4.—*Brandon v. Cabaniss,* 10 Ala. 155. On the same authority the court erred in refusing charge 5. .

H. P. MERRITT, for appellee. No brief came to the Reporter.

DE GRAFFENRIED, J.—Well-considered arguments by counsel are, in all cases, helpful alike to courts and juries. While counsel, in the argument of their causes, are allowed wide latitude, they are, nevertheless, expected to confine themselves to the evidence, and to inferences to be drawn from the evidence, and are bound

by certain well-defined rules. They are expected to impress upon the court and the jury, in every legitimate way, every argument favorable to their clients which can be logically drawn from the testimony, and as their arguments constitute one of the most important functions of all trials, and especially trials by jury, it is necessary that they shall be kept within proper bounds. The jury is not presumed to know the law; but the jury is authorized to believe that every lawyer who argues a case before them is familiar with the facts and the law of his case, and, as his argument is intended to impress them with the justice of his client's position, it should be kept by him, and by the court, within the boundaries permitted by the law.

While, in most of the states, a counsel is permitted to argue to the jury that the failure of his opponent to examine a witness summoned by him and present at the trial is a circumstance for their consideration, in this state a contrary doctrine prevails. In the case of *Crawford v. State,* 112 Ala. 1, 21 South. 214, the Supreme Court, speaking through Brickell, C. J., says: "It was proper to restrain the counsel of the defendant from the proposed argument to the jury that the failure of the state to examine Roman as a witness was a circumstance for their consideration. The argument was not legitimate, whether applied to the state or to the defendant, and with equal propriety, if there had been propriety in it, it could have been applied as well to the one as to the other. Roman was in court, as accessible to the one party as to the other; and all that can be said is that neither party deemed it necessary to place him on the stand, adding his testimony to that which had been adduced." In the case of *Bates v. Morris,* 101 Ala. 282, 13 South. 138, the Supreme Court say: "The question was considered in *Scoville v. Baldwin,* 27

Conn. 316, and it was said by the court: 'The circumstance that a particular person, who is equally within the control of both parties, is not called as a witness, is too often made the subject of comment before the jury. Such a fact lays no ground for any presumption against either party. If the witness would aid either party, such party could probably produce him. As he is not produced, the jury have no right to presume anything in respect to his knowledge of any facts in the case, because they are to try the case upon the facts shown in the evidence, and upon them alone, without attempting to guess at what might be shown, if particular persons were introduced by the parties.' Cases arise in which material facts lie exclusively within the knowledge of a particular person. If such person is accessible, and is not produced and examined, the party claiming the benefit must generally fail from a want of evidence. And cases may present themselves in which a person having peculiar knowledge of facts, from which a party claiming to derive benefit, is accessible to such party, and not to his adversary. If such a person is not produced and examined, a presumption may arise that the facts do not exist.—Lawson on Presumptive Ev. 120 et seq. Such presumption is, however, indulged with great caution, and only when it is manifest the evidence is within the power of one party, and is not accessible to his adversary." In the case of *Brock v. State,* 123 Ala. 24, 26 South. 329, the Supreme Court say: "While there has been diversity of opinion in courts of other states as to the right of the jury to consider the nonproduction of witnesses as a circumstance against the party to whom they are available, the decisions of this state appear without conflict to sustain the rule as stated in *Gates v. Morris, supra.—Patton v. Rambo,* 20 Ala. 485; *Jackson v. State,* 77 Ala. 18; *Carter v. Chambers,* 79 Ala.

223; *Pollak v. Harmon*, 94 Ala. 420, 10 South. 156; *Crawford v. State*, 112 Ala. 1, 21 South. 214. The last-quoted case denied the right of counsel to comment in argument upon the failure of the opposite party to examine a witness who was accessible to both parties."

The above is the unquestioned law of Alabama, and counsel for plaintiff violated this rule in that portion of his argument to the jury to which exceptions were taken by the defendant, and the court committed reversible error in permitting counsel for the plaintiff, against the objection of the defendant, to make such statements to the jury, and in refusing the motion of the defendant to exclude the statements from the jury. The witnesses referred to by the counsel for the plaintiff were present during the trial, and could have been examined by him. The objectionable portions of his argument were made with a purpose to bring before the jury a matter which, under the above rule, is declared to be one which they cannot consider, and to create in their minds the opinion that the defendant had withheld from them facts unfavorable to him, when the counsel had no legal right so to do. The rule above quoted from the decisions of our Supreme Court will be a dead letter if counsel are permitted, in their arguments, to violate it at will. The court cannot do so in charging the jury. Counsel should not be permitted to do so in addressing the jury.

In civil cases, the plaintiff is only required to prove his case to the reasonable satisfaction of the jury, and charges 3, 4, and 5, asked by the defendant, were properly refused by the court, because they required a higher degree of proof at the hands of the plaintiff than was required by law.

For the error pointed out, this case is reversed, and the cause remanded.

Reversed and remanded.