# Jackson *v.* The State.

### *Murder.*

(Decided May 15, 1915. Rehearing denied May 20, 1915. 69 South. 139.)

1. *Trial; Argument of Counsel.*—Where a witness testified to an alleged conversation between defendant and his co-defendant, argument by the solicitor that a presumption could be indulged against the defendant because he failed to call his co-defendant as a witness, a severance having been granted, and the co-defendant being in jail, was error, as such witness was equally available for the state.

2. *Charge of Court; Degree of Proof.*—A charge asserting that before a defendant can be convicted the jury must be satisfied to a

[Jackson v. The State.]

moral certainty that the proof is consistent with defendant's guilt, and wholly inconsistent with every other rational conclusion, may be refused without error.

3. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Tom Jackson was convicted of murder and sentenced to life imprisonment, and he appeals. Reversed and remanded.

The facts sufficiently appear. The following are the charges referred to as refused to defendant: (2) The court charges you, gentlemen of the jury, that, before you can convict defendant, you must be satisfied to a moral certainty, not only that the proof is concistent with defendant's guilt, but that it is wholly inconsistent with defendant's innocence; and, unless the jury is so convinced by the evidence of defendant's guilt that you would each venture to act upon the decision in matters of the highest importance and concern to your own interest, you must find defendant not guilty.

(3) Before you can convict defendant, you must be satisfied to a moral certainty that the proof is consistent with defendant's guilt, and that it is wholly inconsistent with every other rational conclusion, and unless [concluding as charge 2].

JOHN W. INZER, and C. R. ROBINSON, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

SAYRE, J—(1) Appellant was indicted jointly with one George McAfee for the murder of Joe Chappell by shooting him with a gun or pistol. A severance was had, and appellant alone was on trial. The evidence tend-

ing to connect both appellant and McAfee with the crime was circumstantial. The killing occurred between 7 and 8 o'clock of a July night in the vicinity of a numerously attended negro picnic. Appellant denied any participation in or knowledge of the shooting. But he had attended the picnic, to which he carried a Winchester rifle, and must have been in the neighborhood at the time. A damaging piece of evidence against him was furnished by the witness Clyde Mackay, who testified that shortly before the killing, as deceased was going along the road away from the picnic, attended on either side by witness and a woman named Mary, they met appellant and McAfee together, appellant having a gun, and that, after passing, he heard George (McAfee) say, "There they go now;" whereupon appellant said, "What must I do; must I get him?" To which George answered: "No, wait a minute. It is too light. Somebody might see you. It is too big a crowd." In his argument to the jury the state's solicitor inquired, as the bill of exceptions shows: "Why did not the defendant put George McAfee on the stand and deny that witness said that George said, 'There he goes now;' that George was there in jail and could have been used as a witness to deny such statement." Appellant objected to this argument, and moved to exclude the same from the jury on the grounds that it was not a proper argument; that it was calculated to mislead the jury; and that the state had the same right to put McAfee on the witness stand that defendant had. The court overruled the objection and motion, and to this ruling defendant excepted.

This ruling was prejudicial error and must result in a reversal. The language of the solicitor's argument, as reported, is somewhat confused; but this much is fair-

ly evident: That it had reference to the testimony of the witness Mackay and invited the jury to consider, as a circumstance against appellant, that he had not called McAfee as a witness in his behalf to deny the conversation Mackay testified he had overheard. The plain purpose and effect of the argument was that the jury should indulge a presumption against appellant because he had failed to call McAfee as a witness, and this argument had the approval of the court. The presumption here invoked is indulged with great caution and only when it is manifest that to produce the witness is within the power of the party against whom the presumption will operate and the testimony is not equally accessible to his adversary. Assuming that the witness was "there in jail," as the solicitor stated, he was as accessible to the state as to appellant. *Brock v. State*, 123 Ala. 24, 26 South. 329, is an authority very much in point in the circumstances of this case. We need not repeat the argument or restate the principle of that case. It followed the reason of *Bates v. Morris*, 101 Ala. 282, 13 South. 138; *Patton v. Rambo*, 20 Ala. 485; *Jackson v. State*, 77 Ala. 18; *Carter v. Chambers*, 79 Ala. 223; *Pollak v. Harmon*, 94 Ala. 420, 10 South. 156; and *Crawford v. State*, 112 Ala. 1, 21 South. 214. It has been followed in *Coppin v. State*, 123 Ala. 58, 26 South. 333; *Ethridge v. State*, 124 Alá. 106, 27 South. 320; *L. & N. R. R. Co. v. Sullivan Timber Co.*, 126 Ala. 95, 27 South. 760; *Claflin Co. v. Muscogee Mfg. Co.*, 127 Ala. 376, 30 South. 555; *Hutcherson v. State*, 165 Ala. 16, 50 South. 1027, 138 Am. St. Rep. 17; and *Forman v. State*, 190 Ala. 22, 67 South. 583.

There is no other reversible error in the record.

(2) Charges like those refused to appellant, and marked by us in the margin of the transcript as 2 and 3,

have been repeatedly condemned.—7 Mayf. Dig. p. 138, sub. "Reasonable Doubt."

(3) If there was any merit in the other charges refused to appellant, the entire beneficial substance of their several propositions was better expressed in other charges given at his request, and there was no harm done by their refusal.

For the error shown, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.