80 So.2d 284

Norma B. COOPER

v.

Marchie GRUBBS.

Norma B. COOPER

v.

Frank GRUBBS.

6 Div. 523, 524.

Supreme Court of Alabama.

March 10, 1955.

Rehearing Denied May 19, 1955.

Lange, Simpson, Robinson & Somerville and Wm. L. Clark, Birmingham, for appellant.

Taylor, Higgins, Windham & Perdue, Birmingham, for appellees.

LIVINGSTON, Chief Justice.

These cases originated in the Circuit Court of Jefferson County, Alabama, and are before this court on appeals from orders and judgments of the circuit court granting plaintiffs' motions for a new trial. The cases were consolidated and are here considered together.

A complaint was filed on behalf of Mrs. Marchie Grubbs on January 11, 1951. The complaint consisted of two counts; the first count charging simple negligence, the second count charging wantonness.

Mrs. Grubbs claimed damages for personal injuries sustained on the 13th day of November 1950, in a collision between the automobile in which she was riding as a passenger and an automobile driven by Mrs. Norma B. Cooper. On February 27, 1951, a complaint was filed by Frank Grubbs by which he sought to recover damages sustained by him as a result of the injuries suffered by his wife, Mrs. Marchie Grubbs in the aforementioned collision. The complaint on behalf of Mr. Grubbs consisted of one count, and was based upon simple negligence.

Jones Valley Sausage Co., Inc., a Corporation, was named as a defendant in the original complaints. On motion of the plaintiffs, Jones Valley Sausage Company was stricken as a party defendant, leaving Mrs. Cooper as the sole defendant.

After filing demurrers, the defendant pleaded in short, by consent. On the 2nd day of October, 1951, the jury returned a verdict in favor of the defendant in each case, and plaintiffs filed motions for a new trial. The motions were continued from time to time and were heard February 22, 1952.

On the hearings of the motions for a new trial, plaintiffs offered affidavit of J. P. Haley. The trial judge granted defendant leave to file and offer in evidence counter affidavits, and on March 4, 1952, the defendant offered in evidence the affidavits of James Skilling and William L. Clark.

On August 22, 1952, the trial judge entered orders granting the plaintiffs' motions and specified in the respective orders that the motions were not granted on certain grounds, one through eight, inclusive.

Numerous grounds were assigned by plaintiffs, appellees here, in their motions for a new trial. The trial court specifically excluded grounds one through eight as being the ground upon which the motion was granted.

This court has held that the action of the trial court in granting the motion for a new trial will not be disturbed if any ground of the motion was well taken. Louisville & Nashville R. Co. v. Scott, 232 Ala. 284, 167 So. 572; Gissendanner v. Temples, 232 Ala. 608, 169 So. 231.

One of the grounds of the motion for a new trial was as follows:

"For that the court erred in overruling the objection of counsel for the plaintiff to the argument made by counsel for the defendant at the time when the following occurred:

" 'Mr. Clark: Gentlemen, I can't close, I feel, in justice to my client without repeating, isn't it strange to you that the doctor they select, Dr. Clyde Brown, has not been called before you to tell what he saw just a few seconds after the accident happened?

" 'Mr. Perdue: Just a second. Your Honor, I object to that, he has the same right we do to call Dr. Brown; he is as equally available to the defendant as to the plaintiff.

" 'The Court: Overrule the objection.

" 'Mr. Perdue: We except.' "

Included in the affidavit of Mr. Clark, filed in opposition to the motion for a new trial, was the following:

"Affiant further says that prior to the trial date he requested the Clerk to issue a subpoena duces tecum to Dr. Clyde Brown in order to have his records pertaining to the treatment of Mrs. Marchie Grubbs available in the event Dr. Clyde Brown was called as a witness on behalf of the plaintiff; that on the trial date affiant inspected the records of the Circuit Clerk's office which listed the witnesses who had been subpoenaed by both parties; that upon finding that the records of the T.C.I. Hospital (Lloyd Noland Hospital) had not been placed under subpoena, he requested the Clerk to issue a subpoena duces tecum for the records of said hospital, although Mrs. Marchie Grubbs had, in her answers to interrogatories, made no reference to having been examined or treated at the hospital referred to above."

Also, Mr. Skilling, deposed as follows:

"That he is an investigator and adjuster employed by Glens Falls Indemnity Company.

"Affiant further says that the accident made the basis of the above suit was called to the attention of the representatives of Glens Falls Indemnity Company, the company that carried the public liability insurance on the automobile driven by Mrs. Norma Cooper at the time of the accident complained of in the plaintiff's complaint.

"Affiant further says that he undertook to make an investigation of the accident referred to, and as a part of and in connection with the investigation contacted Mrs. Marchie Grubbs and her husband, Frank Grubbs; that affiant talked with Mr. and Mrs. Grubbs and was informed by them or one of them that Mrs. Grubbs went to the T.C.I. Hospital in Fairfield, Alabama, on the same day the accident occurred and that a number of x-rays were made; affiant further says that Mrs. Grubbs or Mr. Grubbs informed affiant that Mrs. Grubbs was carried to the T.C.I. Hospital by Mr. Grubbs; that following the taking of x-ray pictures, Mrs. Grubbs had been back to the hospital several times for treatment.

"Affiant further says that on or about November 16, 1950, he asked Mr. and Mrs. Grubbs to give him written authority to interview the doctors that had examined or treated Mrs. Grubbs in connection with the injuries sustained in the accident, and that Mr. and Mrs. Grubbs refused to give such authority."

It is insisted by defendants in the lower court, appellants here, that the argument advanced by counsel for defendant is clearly permissible under the theory expressed in the case of Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548, 557, in which Mr. Justice Sayre, speaking for the court, states:

"Said Stone, C. J., in Carter v. Chambers, 79 Ala. 223:

" 'There is a rule, and a just one, that if a party has a witness possessing peculiar knowledge of the transaction, and supposed to be favorable to him, and fails to produce such witness when he has the means of doing so, this, in the absence of all explanation, is ground of suspicion against him that such better informed testimony would

make against him'—citing McGar v. Adams, 65 Ala. 106; Kilgore v. State, 74 Ala. 1; Fincher v. State, 58 Ala. 215; 1 Greenl.Ev. § 82.

"Substantially the same language was used in Pollak v. Harmon, 94 Ala. 420, 10 So. 156, and a like decision recorded in Buchanan v. State, 55 Ala. [154], 158. This is an old rule. It was said by Lord Mansfield in Blatch v. Archer, Cowp. 66:

" 'It is certainly a maxim that all evidence is to be weighed according to the proof which it is in the power of one side to have produced and in the power of the other to have contradicted.'

"Prof. Wigmore says that the propriety of the inference that the party who fails to bring before the tribunal some circumstance, document, or witness, when either he or his adversary claims that the facts would thereby be elucidated, fears to do so, and that this is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party so failing—this inference he says is most natural. 1 Wigm.Ev. § 285.

"In 2 Chamb.Mod.Ev. § 1075, it is said:

" 'In proportion as it is to the interest of the party to submit the evidence of an available witness, the jury are entitled to infer from his neglecting to do so that his evidence, if produced, would not be favorable to the party.' "

This principle of law is also expressed in the case of United States Steel Co. v. Butler, 260 Ala. 190, 69 So.2d 685, 690, where it was said on rehearing:

"It is argued that the court should not have mentioned as a circumstance against the defendant the. fact that the two deputy sheriffs in the party of officers who were hidden in the garage were not produced as witnesses to corroborate the testimony of Vanderford and Thomas. The general principle, of course, is that no unfavorable inference may be drawn because of the absence of testimony where the absent witness is shown to have been equally accessible to both parties or that the testimony would have been cumulative. Coosa Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 So. 451. The rule, however, is subject to some refinements. A party may not be expected to produce a witness likely to be unfavorable to him and if the other party has a witness possessing peculiar knowledge of the transaction and will probably be favorable to him and fails to produce such witness when he has the means of doing so, this in the absence of explanation is ground for suspicion that such better testimony would make against him. Carter v. Chambers, 79 Ala. 223; Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548. Under this latter principle, therefore, we think our statement regarding the absence of corroboratory testimony of that of the two company deputies to have been justified."

However, as Mr. Justice Sayre further points out in Alabama Power Co. v. Talmadge, supra:

"Of course, there are limitations on the rule which must needs be observed. Thus, a party is not required to produce all possible witnesses, if that would elucidate nothing—in the present case defendants produced no witnesses as to the facts—nor to produce a witness likely to be prejudiced against them; and it is commonly said that no inference is allowable where the witness in question is equally available to both parties, but this qualification is itself modified by that other last mentioned, to wit, a party may not be expected to produce a witness likely to be prejudiced against him. 1 Wigm. Ev. §§ 286–288. Many of our cases on this subject are collected in Coosa Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 So. 451, and Jackson v. State, 193 Ala. 36, 69 So. 130. Statements of the rule have varied according to the exigencies of the cases. Two cases, Brock v. State, 123 Ala. 24, 26 So. 329, and Cop-

pin v. State, 123 Ala. [58], 64, 26 So. 333, are notable in that they disclose a difference of opinion among the members of the court as then constituted. We venture to observe of these cases that, while Judge Tyson correctly stated the rule in general, the rulings of the court in the circumstances of the two cases were correct. The charge in each case was adultery, and the question was whether, on a severance, the prosecuting attorney was properly allowed to comment on the failure of the defendant on trial to call the other party to the crime. The court answered this question in the negative. The court stated the reason of its ruling in the following language (Brock's case):

" 'In the present case Coppin could not have been compelled to testify to any fact tending to criminate himself. The offense being one of which he and the defendant must both have been either guilty or innocent, his mere refusal upon the ground of self-incrimination might have been construed by the jury to the defendant's disadvantage. On the contrary, if he had not declined, the credibility of his testimony would have been open to assault upon the ground of interest.'

"This was repeated in Coppin's case, and this, however satisfactory, serves to distinguish these cases from others in the same general line, and discloses the fact that these decisions are not authority against our holding in the case at bar, which is that if defendants challenged the inferences which plaintiff sought to have the jury draw from the evidence that plaintiff was able to adduce from other sources, as defendants no doubt did, it was proper matter of comment that defendants had failed to produce the testimony of its employes in charge of the plant who, it may be inferred, had better opportunity to know the facts, but whom the plaintiff in the circumstances should not have been expected to summon to the witness stand because, it is not unreasonable to infer, they were not without some natural predilection, preposses-

sion, or prejudice for defendants and against plaintiff."

Mr. Justice Foster, in the case of City of Birmingham v. Levens, 241 Ala. 47, 200 So. 888, 891, wrote as follows:

"The general rule is when a witness is accessible to both parties, or his evidence would be cumulative, neither party can comment on his absence. Coosa Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 So. 451; Louisville & Nashville R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760.

"Dr. Simon's name was given to the city and its representative interviewed him, and neither party had him summoned. He was a competent witness for defendant. 70 Corpus Juris 439; 27 R.C.L. 532. Defendant knew the nature of his probable testimony, and made no effort to get him and did not seek a postponement for that purpose, and offered no showing as to his testimony, and that it would be more than cumulative."

In the case at bar, as early as November 16, 1950, the investigator for the insurance carrier of Mrs. Cooper knew that Mrs. Grubbs had been treated for her injuries at the T. C. I. Hospital. Later, the defendant knew that Mrs. Grubbs was treated by Dr. Clyde Brown, and the clerk was requested to issue a subpoena duces tecum to Dr. Brown, as stated by affiant "in order to have his records pertaining to the treatment of Mrs. Marchie Grubbs available in the event Dr. Clyde Brown was called as a witness on behalf of plaintiff." In the event that Dr. Brown did not respond to the subpoena, defendant could have readily asked for other processes of the court. If the witness was available to the defendant as to the plaintiff, then the defendant could not comment upon the failure of the plaintiff to introduce testimony from this witness. In the event that Dr. Brown was available to the plaintiff and not to the defendant, the failure of plaintiff to use Dr. Brown as a witness would not be subject to comment by defendant's counsel unless Dr. Brown's testimony would have been more

than cumulative. Under the present facts in the instant case, we feel that the situation is covered by the case of City of Birmingham v. Levens, supra, and authorities therein cited.

As one ground of the motion for a new trial is well taken, the trial court will not be reversed for granting the new trial, and discussion of the other points raised by appellant is not necessary.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.