# CASES

# SUPREME COURT OF ALABAMA,

## Bailey *v.* The State.

*Indictment for Grand Larceny.*

1. *Larceny from store-house; variance.*—Under an indictment in the form prescribed by law, charging larceny from a store-house (Code, § 3789; Form No. 51, p. 273), a conviction may be had on proof that the defendant stole the goods *in* the house, but was detected and arrested before he got out of the house with them.

FROM the City Court of Gadsden.
Tried before the Hon. JOHN H. DISQUE.

W. H. STANDIFER, for appellant, cited *Point v. State,* 37 Ala. 148; *Henry v. State,* 39 Ala. 679; *Moore v. State,* 40 Ala. 49; 35 Ala. 363; 6 Ala. 885; 94 Amer. Dec. 257, or 19 So. Car. 140; 1 Greenl. Ev. § 65; Bish. Stat. Crimes, §§ 70, 233–4, 425; 10 Amer. & Eng. Encyc. Law, 549; 12 *Ib.* 829, n. 3.

WM. L. MARTIN, Attorney-General, for the State.—The indictment is in the form prescribed, and that form has remained unchanged for nearly forty years. It was held sufficient when the statute only denounced larceny *in* a dwelling-house or store-house; and it would be a strange construction which would now hold it insufficient, when the statute has been accommodated to it.—*Wilson v. State,* 61 Ala. 151; *Smith v. State,* 63 Ala. 55; 3 Brick. Digest, 280, § 459.

* The first 51 of the following cases were prepared for the printer by the former reporter, Hon. J. W. Shepherd.

STONE, C. J.—The defendant was indicted for larceny *from* a store-house under section 3789 of the Code of 1886. The indictment pursues the form No. 51, example 3, of that Code; and is in the following language : "The grand jury charges that, before the finding of this indictment, Sam Bailey, whose true Christian name is to the grand jury unknown otherwise than as stated, feloniously took and carried away from a store-house one shirt, of the value of seventy-five cents, the personal property of Max Long, against the peace," &c. The testimony tends to prove, and does prove, that the defendant feloniously stole the property described *in* a store-house; but before he escaped from the house, he was detected, the goods taken from him, and he was arrested. The only question presented by this record is, whether the proof corresponds with the allegations of the indictment, and justifies a conviction.

This statutory crime is found in the Code of 1852, section 3170. Its language, as then expressed, was, "Any person who commits the crime of larceny in any . . . store-house, . . . on conviction must be imprisoned in the penitentiary," &c. That statutory description of the offense was retained in the Code of 1867, section 3707, and in the Code of 1876, section 4359, without change except as to the manner of punishment. In each of the Codes a form of indictment for this offense was furnished, which had never been changed. See Code of 1853, form 45 ; Code of 1867, form 42 ; Code of 1876, form 39. This offense was made grand larceny by statute. During all these years, the indictments framed for this offense have pursued the language of said form, and charged the larceny to have been committed from the store-house, &c. Many convictions have been had under indictments thus framed, and have received the sanction of this court.

In the Code of 1886, section 3789, the language of the statute was changed. It was there enacted that "Any person who steals . . . any personal property of any value, . . from or in any store-house, . . . is guilty of grand larceny, and on conviction," &c. The form, as originally framed and stated above, was retained in this Code without change.—Form 51, Example 3. It will be observed that, in that form, it was charged that the offense consisted in stealing *from* a store-house, and not *in* a store-house. One of the first cases that arose under this statute was *Point v. State*, 37 Ala. 148, in which the defendant was convicted of a felony. On review before this court, the question of variance between the alle-

[Bailey v. The State.]

gations of the indictment and the proof was neither raised nor considered. The judgment of conviction was affirmed.

We have made very many rulings on the sufficiency of the forms of indictments furnished in the several Codes. "When the legislature, either in the body of the statute, or in a prescribed form, declares what shall be a sufficient indictment, such legislative direction is pronounced controlling, and an indictment pursuing such form will be pronounced good." *Smith v. State*, 63 Ala. 55; *McCullough v. State, Ib.* 75; *Wilson v. State*, 61 Ala. 151. "An indictment conforming to the form prescribed by the Code is sufficient, though matters of substance are omitted."— *Weed v. State*, 55 Ala. 13. See, also, 3 Brick. Dig. 280, § 459, where it is affirmed that "indictments in the form prescribed by the Code are sufficient, whether charging a felony or misdemeanor."—Code of 1886, § 4366.

In the Code of 1886, although the language of the statute was changed, and instead of denouncing the crime as a felony, if committed *in* a store-house, it substituted the words *in or from* a store-house, yet the language of the form underwent no change. It still retained only the word *from*. This, under the authorities cited above, was a legislative recognition and declaration that the form was sufficient under the amended statute. If, under the old statute, the larceny *in* a store-house could be proven, and a conviction had under an indictment which charged the offense was committed *from* a store-house, what argument can be made that the substitution of the words *in or from*, in the later statute, calls for a different interpretation? If the offense committed in a store-house was embraced and punishable under a charge that it was committed from a store-house, how can the fact that, under the amended statute, it might have been committed from a store-house, as the indictment charges, make it less punishable under the indictment? Is the variance between the allegations and proof any greater under the new statute, than it was under the old?

Under our statute—Code of 1886, § 4366—the forms furnished are "sufficient in all cases in which the forms there given are applicable." The form employed in this case is expressly made applicable to the crime with which the defendant was charged. The legislature expressly re-enacted the form, and made it applicable to the statute as amended. We hold that that body thereby declared it was sufficient for the new enactment, as it had previously declared it was sufficient for the older statute. And in declaring its sufficiency, we only re-affirm our uniform rulings. In thus an-

[Wiley v. The State.]

nouncing, we are not unmindful that we run counter to some expressions found in *Moore v. State*, 40 Ala. 49; but those expressions were neither necessary, nor made a point in the decision of the case.

Affirmed.

