# Haynes et al. v. McRae.

*Action for Trespass Against a Sheriff and his Sureties for Levy of Attachment.*

1. *Failure to introduce witnesses; when no suspicious circumstance.*— In an action of trespass brought by a purchaser from the defendants in attachment against the sheriff and his sureties, for the wrongful levy of such attachment, when the plaintiff himself has testified as to the

[Haynes et al. v. McRae.]

purchase of the goods from the attachment debtors, to the circumstances of the transaction, and to the consideration paid, his failure to introduce the debtors as witnesses, they being present in court, is not a suspicious circumstance against the validity of the transaction; and a charge of the court that such failure does not authorize any presumption against the plaintiff is properly given.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This was an action of trespass brought by the appellee, T. D. McRae, against W. E. Haynes, sheriff of Lowndes county, and the sureties on his official bond; and sought to recover damages for the alleged wrongful seizure of a stock of goods by the sheriff under a writ of attachment. There was judgment for the plaintiff, and defendants appeal.

There was only one assignment of error, and the facts having reference thereto are sufficiently stated in the opinion.

ROQUEMORE, WHITE & DENT and THOMAS H. WATTS, for appellants.

TOMPKINS & TROY, contra, cited Pollak v. Harmon, 94 Ala. 420, 11 So. Rep. 156; 3 Brick. Dig. 113, § 110.

COLEMAN, J.—Pollock & Co. sued out an attachment against McRae Bros. which was levied by Haynes (the sheriff) upon a stock of goods claimed by F. D. McRae. The present action was brought by F. D. McRae against the sheriff and others to recover damages for an unlawful seizure of the goods. On the trial, the plaintiff, F. D. McRae, testified as to the purchase of the goods from McRae Bros., the circumstances of the transaction, and the consideration paid by him for the goods. The two members of the firm of McRae Bros. were present in court as witnesses during the trial, but were not examined. In the argument of the facts before the jury the counsel for the defendant insisted, that the failure of the plaintiff to introduce and examine the McRae Bros. was a circumstance of itself, which the jury was entitled to consider as unfavorable to the plaintiff, &c. After the argument was closed, the court, at the request of the plaintiff, charged the jury, that "The fact of J. S. McRae and P. C. McRae not being introduced as witnesses

[Eastman et al. v. Reid et al.]

can not be considered against the plaintiff in this case." The giving of this charge is the only error assigned.

There is a rule of evidence to the effect, that a party who has it in his power to produce the best evidence, which he withholds, or leaves unexplained a material question of fact, by an intentional withholding of explanatory evidence, such conduct may give rise to unfavorable inferences against him; but this rule of evidence does not apply when the evidence withheld is of no higher degree than that introduced, is not explanatory of any fact left in uncertainty, but is purely cumulative. So far as is disclosed by the record, the testimony of the witnesses not examined would have been merely cumulative. They were present in court, and subject to the call of either party.

The question is not distinguishable in principle from that decided in *Pollak v. Harmon*, 94 Ala. 420, 11 So. Rep. 156; *Bates v. Morris, ante* p. 282.

Affirmed.