# Ethridge v. The State.

## *Indictment for Arson.*

1. *Tracks when may be proven.*—If on the trial of a defendant for arson it appears in evidence that the defendant had a large foot, and that on the evening of the fire and shortly before it occurred, he started barefoot toward the house which was burned, and that at that time it was his intention to burn the house, it is competent for the State to show that on the next day afer the fire large barefooted tracks pointing in the direction to the place where the barn had stood and in line from the point whence the defendant had started the evening before to the house subsequently burned, were found in a field about a quarter of a mile from the site of said house. While the probative force of this evidence in the absence of other evidence connecting the defendant with the tracks is little or nothing, it is for the consideration of the jury.

2. *Bounds of legitimate argument; when transcended.*—A statement to the jury by the solicitor, in trying a defendant for arson, that "the defendant should have had Jim Ethridge present to testify that Elisha Leverett had not told him that defendant's wife had rented the house that was burned, and that he had not told his father (defendant) so at Henrietta Clemons' on the evening before the house was burned, if such was the fact," transcends the bounds of legitimate argument, and should be excluded if properly and seasonably brought to the attention of the court. (TYSON; J., dissenting.) Objection to remarks of solicitor to the jury is properly and seasonably brought to the attention of the court and its ruling invoked thereon, by request on the part of the defendant at the close of the argument for an instruction calling attention to the argument and directing the jury that it was not matter on which the solicitor could legitimately comment and they should not consider it in making up their verdict. (TYSON and SHARPE, JJ., dissenting.)

3. *Affirmative charge; when considered as not seriously asked.* Where there is no room for saying that there was no evidence

before the jury tending to show that the defendant was not guilty as charged in the indictment, it is hardly conceivable that counsel for the defendant are serious in their contention that the affirmative charge should have been given for the defendant.

APPEAL from Pike Circuit Court.
Tried before Hon. JOHN P. HUBBARD.
Facts are sufficiently stated in the opinion.

D. A. BAKER, for appellant, cited, *Riley v. State,* 88 Ala. 193; *Hodge v. State,* 97 Ala. 37; *Gilmore v. State,* 99 Ala. 154; *James v. State,* 104 Ala. 20; *Terry v. State,* 118 Ala. 79.

CHAS. G. BROWN, Attorney-General, for the State.

MCCLELLAN, C. J.—There was evidence tending to show that the defendant had large feet—wore a shoe numbered 10, or 11 or 12—that on the evening of the fire and shortly before it occurred he started barefooted toward the house which was burned, and that at that time it was his intention to burn the house. On this state of the evidence we think it was competent for the State to show that on the next day after the fire large barefooted tracks pointing in the direction of the place where the barn had stood, and in line from the point whence the defendant had started the evening before to the house subsequently burned were found in a field about a quarter of a mile from the site of said house. In the absence of further evidence tending to connect the defendant with these tracks the jury would have been justified in according little or no probative force to this evidence, but it was for their consideration, and the court properly allowed it to go to them.—*Gilmore v. State,* 99 Ala. 154, 159. (The head-note on this point is misleading. See *Terry v. State,* 118 Ala. 79, 84-5).

The solicitor transcended the bounds of legitimate argument when he stated to the jury that "the defendant should have had "Jim Ethridge present to testify that Elisha Leverett had not told him that defendant's wife had rented the house that was burned and that he had

not told his father (defendant) so at Henrietta Clemens' on the evening before the house was burned, if such was the fact."—*Brock v. State,* and *Coppin v. State,* (Mss.), and authorities therein cited. (Tyson, J., dissenting). And we are of opinion that the objection to these remarks by the solicitor was properly and seasonably brought to the court's attention, and its ruling invoked thereon by the request on the part of the defendant made after the close of the argument for an instruction calling attention to the argument and to the effect that the failure of the defendant to call and examine said witness was not matter upon which the solicitor could legitimately comment, and that the jury could not consider it in making up their verdict. Cases may and will transpire in which the objection could not be made until argument closed, as where the objectionable remarks constituted the conclusion of the last address to the jury, and while the point does not appear to have been directly adjudged by this court, there are expressions in our cases sustaining this method of presenting questions of this sort to the trial judge, and charges upon such arguments of counsel have not infrequently been considered by this court as seasonably and properly presenting the propriety thereof.—*Haynes et al. v. McRae,* 101 Ala. 318, and cases there cited; *McAdory v. State,* 62 Ala. 154; *Stone v. State,* 105 Ala. 60, 72. (Tyson and Sharpe, JJ., dissenting.)

It is hardly conceivable that counsel for the defendant are serious in their contention that the affirmative charge requested for the defendant should have been given. Certainly there is no room for saying that there was no evidence before the jury tending to show that the defendant was guilty as charged in the indictment.

Reversed and remanded.