# Jordan *v*. Austin.

## *Assumpsit.*

(Decided June 17, 1909. 50 South. 70.)

1. *Trial; Argument of Counsel.*—Where the evidence showed that certain persons were with defendant when he attempted to work the horse for whose price suit was brought, and the evidence further showed that the defendant's wife was present and heard the contract of sale, and the evidence did not show that these persons were not easily accessible to both parties, it was error to permit plaintiff's counsel in argument to comment on their absence and to ask why the defendant had not produced such witnesses.

2. *Evidence; Presumption.*—Where evidence is equally accessible to both parties, or where the evidence if produced would be merely cumulative, no unfavorable inferences can be drawn therefrom against the party failing to produce, since the rule that there may be

unfavorable inferences where evidence is withheld, does not obtain under such circumstances.

3. *Sales; Evidence.*—Where the action was by the seller for the purchase price of a horse and breach of warranty and rescission was set up, and the defendant had testified that he had written plaintiff complaining of the horse and offering to return it, and claiming a rescission, it was competent for the plaintiff to show that he had written defendant demanding payment of the note, and had received no reply, as tending to contradict the contention of the defendant.

4. *Same.*—The action being by the seller for the price of the horse and the defense being breach of warranty and rescission it was competent to show that the purchaser had subsequently traded the horse or permitted another to do so for him, such fact being a circumstance in determining whether defendant was entitled to rescind.

5. *Same; Warranties; Fraud.*—Unless the seller knew of its unsoundness the fact that he guaranteed the horse to be sound would not be a fraud.

6. *Evidence; Secondary Evidence; Letters; Predicate.*—Where the defendant denied having received certain letters, and the plaintiff testified that he addressed them and mailed them to the defendant, a sufficient predicate was laid to produce testimony of their contents without proving notice to defendant to produce them.

7. *Set-off and Counter Claim.*—Where one sued another upon a claim and such other claims a debt against a person suing which he pleads by way of set-off, such set-off may be recovered as against the parties suing even if the party suing is not entitled to recover anything on his demand; error in refusing such instruction, however, is cured by a verdict for the party suing.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by S. B. Austin against H. E. Jordan. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The issues presented by the pleadings were that the note was given for the purchase price of the mare, with the guaranty that she was sound and would work well anywhere, while in fact she was not sound, and would not work to the plow, wagon, or buggy, and was unsafe. Rescission was also set up. In testifying, the defendant stated that Faulkenberry and certain other persons were present when he started to work the mare, and that his wife was present and heard the guaranty given by plaintiff. The defendant denied having received any letters from plaintiff in reference to the mat-

ter. In rebuttal thereto, plaintiff testified that he had written certain letters to defendant, stamped them, and mailed them, addressed to defendant at his post office and with plaintiff's return card on corner of the envelope. He also testified that he had registered one letter to defendant, and had received his returned registered card signed by the defendant. The court permitted him to testify as to the contents of this registered letter. In his argument, the solicitor for the plaintiff said: "Gentlemen of the jury, why did not the defendant have Faulkenberry and other witnesses here who worked for him and saw him try to work the mare? Gentlemen of the jury, why did the defendant not have his wife here as witness, who he said was present at the time of the contract? Not one word do we hear from Hiram Jordan's wife." Objection was interposed to these statements, and exceptions reserved to the court's declining to rule them out. The following charges were refused to the defendant: "(1) The court charges the jury if Austin guaranteed the mare to Jordan to be sound, and she was not sound, this was a fraud on the part of Austin. (2) The court charges the jury, if the jury believe from the evidence to a reasonable certainty that Austin is indebted to Jordan for board and feed of his horses, the jury should find a verdict in favor of Jordan for the sum due, even if they believe that plaintiff is not entitled to recover anything. (3) The court charges the jury plaintiff had the same right to procure the testimony of Hiram Jordan's wife that defendant had, and the statement of plaintiff's attorney that 'not one word do we hear from Hiram Jordan's wife' was improper, and you should not consider it for any purpose. (4) The court charges the jury, the fact, if it be a fact, that any witnesses do not agree in their testimony as to immaterial facts, will not authorize the jury to disregard their tes-

timony on that account. (5) The court charges the jury that if plaintiff lived at Clinton, Ga., and it was nearly 50 miles from where defendant lived, and it was impracticable for defendant to carry the horse to Austin, the law did not require him to carry it to Austin to rescind."

JOHN L. BURNETT, for appellant.—The court erred in permitting the plaintiff to testify as to the contents of the letters written to defendant.—*Crossley's Case*, 88 Ala. 187; *R. R. Co. v. Davis*, 91 Ala. 615; *Home Pro. Co. v. Whidden*, 103 Ala. 203. The court erred in permitting counsel to comment on the absence of witnesses and to attempt to draw unfavorable inferences therefrom.—*Mann v. The State*, 134 Ala. 20; *L. & N. v. Sullivan T. Co.*, 126 Ala. 104; *Crawford v. The State*, 112 Ala. 23; *Hayes v. McCree*, 101 Ala. 318. Counsel discuss charges refused but without citation of authority.

R. C. HUNT, and L. H. LEE, for appellee.—Under the issues presented by the pleadings, it was competent to show that the defendant swapped the mare for another and to show the value of the animal swapped for.—*Barrett v. Stanton*, 2 Ala. 181; *Deal v. Camp*, 22 Ala. 250; *Eagan Co. v. Johnson*, 82 Ala. 237; *Lockwood v. Fitts*, 90 Ala. 150; *Hodges, et al v. Tufts*, 115 Ala. 366; 2 Pom. Eq. sec. 879. Under the evidence of both plaintiff and defendant, it was competent for plaintiff to testify as to the contents of the letter written by him to the defendant. The evidence is tantamount to proof of possession and loss or destruction, and hence notice to produce would have been unavailing.—*Littleton v. Clayton*, 77 Ala. 571; *Bickley v. Bickley*, 136 Ala. 548; *Roberts v. Spencer*, 123 Mass. 397; 2 Wig. Evi. sec. 1203. Counsel discuss charges refused but without citation.

ANDERSON, J.—The defendant did not testify that Faulkenberry and the other man saw him try to work the mare when she refused. He merely stated that they were working with him at the time. The trial court should have sustained the objection to so much of plaintiff's counsel's argument as stated, "Why did not the defendant have Faulkenberry and the other witnesses here who worked for him and saw him try to work the mare."—*Morris Hotel Co. v. Henley,* 145 Ala. 52, 40 South. 52; *Cross v. State,* 68 Ala. 476; *E. T. V. & G. R. R. v. Bayliss,* 75 Ala. 466. While, as a rule, there may be an inference unfavorable to the withholding of evidence, this rule does not obtain where the evidence is equally as accessible to both parties.—*Ethridge v. State,* 124 Ala. 106, 27 South. 320; *Mann v. State,* 134 Ala. 20, 32 South. 704; *Bates v. Morris,* 101 Ala. 282, 13 South. 138. Nor can there be an unfavorable inference against a party for the failure to produce a witness whose testimony would be simply cumulative.—Jones on evidence, § 18. The defendant and his daughter had both testified to the warranty and the failure of the mare to work, and the testimony of his wife on the subject would have only been cumulative. Counsel should not have commented on the failure of the defendant to prove these facts by his wife also, and the trial court erred in not sustaining the defendant's objection to this argument. It may be that when the comment relates to a nonproduced witness, who could only support an examined witness as to an immaterial fact, it would be error without injury.—*Lide v. State,* 133 Ala. 43, 31 South. 953. The absent witness referred to, however, in the present case, and their testimony as charged in the argument, related to material facts in the case.

It was competent for the plaintiff to show that he had written defendant demanding payment of the note, and

that he received no reply. Defendant testified that he had written the plaintiff complaining of the mare and offering to restore her, and claimed a rescission. The fact that plaintiff had written defendant to pay the note and he failed to reply was contradictory of defendant's theory of an offer to return the mare and of a rescission of the sale, as well as the contention that she did not come up to the plaintiff's warranty, if any there was. A proper predicate was shown for the proof of the contents of the letters written by plaintiff to the defendant, as the plaintiff testified to addressing and mailing them to defendant, and, as the defendant denied getting them, a notice to produce was unnecessary.—2 Wigmore on Evidence, § 1203, subd. "b."

There was no error in permitting plaintiff to show by defendant's witnesses what became of the mare, as the fact that defendant traded her or permitted his son to do so was a circumstance in determining whether or not defendant was entitled to rescind the sale.

Charge 1 was properly refused. The guaranty that the mare was sound would not be a fraud unless the plaintiff knew of her unsoundness.

Charge 2 should have been given (section 5860. Code 1907), but the error in refusing same was cured by the finding of the jury for the plaintiff.

Charge 3 asserts the law, and is fully covered in discussing the argument of counsel.

There was no error in the refusal of defendant's other requested charges.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concurring.