# Hutcherson *v.* The State.

## *Murder.*

(Decided Dec. 16, 1909.—50 South. 1027.)

1. *Trial; Argument of Counsel.*—Where it appeared in the trial that a certain physician was attending defendant at the time of the killing and that such physician lived within the state, and it did not appear that he was not equally accessible to both parties, an argument for the state with the query as to why, the defendant did not bring the physician to the trial, was error to reversal.

2. *Homicide; Self Defense; Evidence.*—The fact that the husband had on other occasions beat his wife, was not competent for the defendant in a prosecution of the wife for killing the husband, although the plea of self-defense is interposed.

3. *Same; Instructions.*—Where the wife kills the husband and the plea is self-defense, the wife is entitled to an instruction that while living with the husband in his house, his home is her home, and the law imposes no duty upon her to retreat to avoid a difficulty, even with her husband, if she was free from fault in bringing on the difficulty.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Cora Hutcherson was convicted of murder in the second degree, and appealed. Reversed and remanded.

The oral charge of the court, excepted to, is as follows: "The defendant sets up self-defense in this case, and before she can avail herself to it she must reasonably satisfy you that her life was in danger, either real or apparent, and that she had no safe mode of escape." Charge 1, referred to, is as follows: "I charge. that, when the wife is living with the husband in his house, his home is her home, and the law imposed no duty upon her to retreat to avoid a difficulty, even with her husband, if she was free from fault in bringing on the difficulty."

HYBART & BURNS, for appellant.—The court erred in refusing charge 1.—*Jones v. The State,* 76 Ala. 8; *Cary*

*v. The State,* 76 Ala. 86; *Dolan v. The State,* 81 Ala. 17; *Lee v. The State,* 92 Ala. 19; *Perry v. The State,* 94 Ala. 29; *Naugher v. The State,* 105 Ala. 30. On these same authorities the court erred in its oral charge and in excluding evidence relative to former beatings of the wife by her husband.

ALEXANDER M. GARBER, Attorney General, for the State.—Evidence of former difficulties was not admissible.—*Stallworth v. The State,* 146 Ala. 8. The court's oral charge was correct, and the court correctly refused charge 1.—*Maxwell v. The State,* 129 Ala. 40; *Howell v. The State,* 79 Ala. 283; *Goldsmith v. The State,* 105 Ala. 8.

McCLELLAN, J.—The defendant was adjudged guilty of murder (second degree) of her husband; the tragedy taking place within their common abode. The justification set up was self-defense. There was evidence tending to support this defense.

In argument to the jury, the representative of the state said: "Gentlemen of the jury, why didn't the defendant bring Dr. Mason here, and show you by him that he was doctoring her?" Seasonable objection and motion to exclude this statement were overruled. It appears that the defendant testified to Dr. Mason's professional attendance upon her, and that she was sick at the time of the killing. From the bill it appears that Dr. Mason's place of residence was Excel, Ala. It does not appear that this physician was not as accessible to the prosecution as to the defense. Under such circumstances as this record shows, the solicitor's quoted statement was improper, and should have been disallowed.—*Crawford v. State,* 112 Ala. 1, 23, 21 South. 214; *Bates v. Morris,* 101 Ala. 282; *Brock v. State,* 123 Ala. 24, 26 South. 329.

The fact, if so, that deceased had, on former occasions, beat her, was properly excluded.

,The part of the oral charge excepted to was erroneous.

Charge 1, given for the defendant, announced the law applicable to the nonduty of the defendant to retreat under the circumstances hypothesized.

For the error first indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.