[Davis v. The State.]


# Davis *v*. The State.

### *Forgery.*

(Decided Dec. 16, 1910.—51 South. 239.)

1. *Indictment and Information; Statutory Form.*—An indictment for forgery which follows the form prescribed by the statute is sufficient.

2. *Forgery; Variance; Writing.*—Where the indictment for forgery does not set out the instrument alleged to have been forged in haec verba, but sets out the substance of the same, and the instrument offered in evidence and that described in the indictment is not materially different, no variance arises.

3. *Charge of Court; Directing Verdict.*—Where the proof is sufficient to require a submission to the jury of the guilt of the defendant, the verdict cannot be properly directed for him.

4. *Same; Reasonable Doubt.*—A charge which directs an acquittal upon the generation of a reasonable doubt by the defendant's evidence alone, pretermits a consideration of all the evidence in the case, and is properly refused.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

John Davis was convicted of forgery, and appeals. Affirmed.

The indictment is as follows (omitting the formal charging part) :

"John Davis, with intent to injure or defraud, did falsely make, alter, or forge an instrument in writing, in words and figures substantially as follows:

" 'Birmingham, Ala., April 7, 1909.                 No. 24348

" 'THE FIRST NAT'L BANK  OF  BIRMINGHAM

" 'Pay to the order of Blachs & Co.                 $5.75

        " 'Five Dollars and fifty cents.        Dollars.

                        " 'J. W.  Watts.'

—or with such intent did publish as true said falsely made, altered, or forged instrument in writing, knowing the same to have been so falsely made, altered, or

forged, against the peace and dignity of the state of Alabama."

The demurrers interposed were as follows:

"(1) There is only one count in said indictment, and it is attempted therein to charge, by alternative averments, two separate offenses, viz., the false making, altering, or forging of a written instrument, etc., and also the uttering or publishing as true a falsely written instrument, etc.; but the alternative averment as to the uttering or publishing of said instrument, standing alone, fails by proper and sufficient averment to charge an offense, and the said indictment is, therefore, insufficient in law.

"(2) Said indictment attempts to charge the defendant with the crime of forgery by different means, viz., by false making, altering, or forging of a written instrument, or by the uttering and publishing as such of a falsely made instrument, by stating the same in the alternative in the same count; but the averments as to the uttering and publishing of a falsely made instrument, standing alone, do not set out a distinct, substantive, and indictable offense, and the said indictment is therefore insufficient in law."

The objection to the check was that the same had printed, stamped, or engraved across the face of it, in large letters, the words "counter check," which words did not appear in the description of the check set out in the indictment, and because of the fact that the check offered in evidence did not appear to be the same check described.

Charge 2 is as follows:

"Gentlemen of the jury, while you should look to the interest of the defendant in giving his testimony, at the same time I instruct you that this only goes to his credibility as a witness, and you should consider his evidence the same as you would any other witness, considering

[Davis v. The State.]

his interest. If the evidence of the defendant creates in your minds a reasonable doubt of his guilt under said circumstances, it will be your duty to acquit him."

R. L. WILLIAMS, for appellant.—No brief reached the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—The indictment was not only in Code form, but pursued the statue form 61 and section 6909, Criminal Code of 1907, and the demurrer thereto was properly overruled.

The indictment did not set out the instrument, alleged to have been forged or altered, in hæc verba, and there was no material variance between the instrument offered in evidence and the one described in the indictment, and the trial court did not err in overruling the defendant's objection to same. Nor do we mean to hold that the variance would have been fatal, had the indictment attempted to set out the instrument in hæc verba.

The proof made the defendant's guilt a question for the jury, and the general charge, requested by him, was properly refused.

Charge 2 was properly refused. If not otherwise bad, it seeks an acquittal if defendant's evidence alone creates a reasonable doubt of guilt, and pretermits a consideration of all the evidence in determining whether or not there is a reasonable doubt of the defendant's guilt.—*Grant v. State*, 97 Ala. 35, 11 South. 915; 1 Mayfield's Digest, p. 170, § 142.

The judgment of the criminal court is affirmed.

Affirmed.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.