### PARRIS v. STATE. (6 Div. 768.)

(Court of Appeals of Alabama. May 31, 1921. Rehearing Denied June 30, 1921.)

**1. Criminal law ⟨key⟩878(3)—Conviction for possessing still is acquittal of manufacturing liquors.**

A conviction under a count charging unlawful possession of a still for the manufacture of prohibited liquors in violation of Acts 1919, p. 1086, is an acquittal of a charge in another count of manufacturing such liquors.

**2. Criminal law ⟨key⟩829(1)—Charges substantially covered by charge given properly refused.**

Charges substantially covered by a charge given were properly refused.

**3. Criminal law ⟨key⟩1169(12)—Testimony as to conversation with defendant held not prejudicial.**

In a prosecution for possessing a still for the manufacture of prohibited liquors, admission of testimony that the witness talked with defendant about the still was not prejudicial in the absence of anything indicating that such testimony was unfavorable to defendant.

**4. Criminal law ⟨key⟩789(17)—Instruction predicated on reasonable doubt held properly refused.**

An instruction predicated on "a reasonable doubt" was properly refused, since such doubt must grow out of the testimony.

**5. Criminal law ⟨key⟩789(12)—Instruction to acquit if jury would not act, under evidence on matters of highest concern to them, held erroneous.**

A requested instruction to acquit "if you would not under the evidence in this case act on matters of the highest importance to your own concern in life," *held* erroneous.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

J. R. Parris, alias J. R. Parrish, was convicted of possessing a still for the manufacture of prohibited liquors, and he appeals. Affirmed.

Certiorari denied 206 Ala. 700, 90 South. 925.

The evidence tended to show that on the premises of the defendant in a hog lot several parts of a still were found in a ditch covered up, and that the indications about the still were that it had been operated. That near the still was found four barrels of mash and the other things entering into the manufacture of liquor. Several charges were refused to the defendant which were covered by either the oral or the written charges given by the court. The following is charge 7 refused to the defendant:

"I charge you that, if you would not under the evidence in this case act on matters of the highest importance to your own concern in life, then your verdict should be, 'We, the jury, find the defendant not guilty.'"

Burgin & Jenkin, of Birmingham, for appellant.

The defendant was entitled to the affirmative charge under either count of the indictment, and was certainly entitled to have the other charges given. Acts 1919, p. 16, § 15; Acts 1919, p. 6; 16 Ala. App. 152, 75 South. 828; 142 La. 975, 77 South. 898, L. R. A. 1918E, 1; 75 South. 548; 197 Ala. 617, 73 South. 322. The court erred in permitting McDuff to testify as to the conversation had with the defendant. 117 Ala. 93, 23 South. 130.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The conviction under the second count operated as an acquittal as to the first count, and all matters involving that count were harmless and will not be reviewed. 17 Ala. App. 175, 83 South. 359; 17 Ala. App. 550, 86 South. 143. Defendant placed the wrong construction on the statutes, and hence the charges were properly refused; besides, they were covered by instructions given. Charge 7 was properly refused. 123 Ala. 50, 26 South. 524.

MERRITT, J. The appellant was convicted under count 2 of the indictment, which

18 ALA.APP.—16

charges that subsequent to September 30, 1919, he did unlawfully have in his possession a still, apparatus, appliance, or a device, or substitute for a still, to be used for the purpose of manufacturing prohibited liquors. Acts 1919, p. 1086.

[1] Count 1 alleges that the appellant manufactured alcoholic, spirituous, or mixed liquors. The conviction, being under count 2, was an acquittal of the charge under count 1; hence the rulings of the court relative to count 1 need not be reviewed here. Rogers v. State, 17 Ala. App. 175, 83 South. 359; Porter v. State, 17 Ala. App. 550, 86 South. 143.

No demurrers were interposed to either count of the indictment, and there was evidence tending to show that the appellant was in possession of a still, or certain parts or appliances thereof to be used for the purpose of manufacturing prohibited liquors, and this more than 60 days after September 30, 1919.

[2] Written charges 13 and 14 were substantially covered by the court's oral charge, and were properly refused.

[3] The witness McDuff was asked the following question over the timely objection of the appellant: "Did you have a conversation with him at the time about the still?" The answer was: "They talked about the still." From aught that appears, this answer may have been favorable to the appellant, and there is nothing in the record to indicate any injury suffered by the appellant on account of the ruling excepted to.

[4] Written charge 9 was covered by given written charges 5 and 8 and also the court's oral charge. Moreover, it is predicated on "a reasonable doubt," when such reasonable doubt must grow out of the testimony.

[5] Written charge 7 is condemned in Amos v. State, 123 Ala. 50, 26 South. 524. See, also, Allen v. State, 134 Ala. 159, 32 South. 318.

There is no reversible error in the record, and the judgment appealed from is affirmed.

Affirmed.

### On Rehearing.

PER CURIAM. The original opinion in this case is withdrawn and opinion substituted. The application for rehearing is overruled.