(102 So. 788)

**McDANIEL v. STATE. (6 Div. 459.)**

(Court of Appeals of Alabama. Aug. 19, 1924. Rehearing Denied Dec. 16, 1924.)

**1. Forgery ⊚⇒30—Specific averment that forgery consisted in signing name of certain person to check, unnecessary.**

It is not necessary to specifically aver in indictment for second degree forgery, under Code 1907, § 6910, that forgery consisted in signing name of certain person to check.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. Indictment and information ⚖⟶119—Indictment not invalidated by unnecessary averments.

Unnecessary averments in indictment do not impair its validity, but at most hold prosecution to proof thereof.

3. Indictment and information ⚖⟶19—Indictments in Code or analogous forms sufficient.

Legislative direction of what form of indictment is sufficient, as in Code 1907, § 7132, is controlling, and indictments in form prescribed by the Code, or analogous forms, are sufficient.

4. Indictment and information ⚖⟶125(2)—May be charged in same count with charge of uttering forged check.

Under Code 1907, § 7151, one may be charged in same count with forgery and 'uttering forged check, which are similar offenses subject to same punishment.

5. Forgery ⚖⟶28(2)—Omission of words on forged check from copy set out in indictment held not ground of demurrer.

That words "insured," indented on forged check, "4 per cent. on savings" underneath blank space for drawer's signature, and signature on back were omitted from copy set out in indictment, held not good ground of demurrer.

6. Criminal law ⚖⟶1044—Exceptions to admission of evidence not available in absence of motion to exclude answers.

Exceptions to admission of evidence present nothing for review, in absence of motion to exclude answers.

7. Witnesses ⚖⟶337(5)—State may cross-examine defendant as to conviction of crime.

In forgery prosecution, it was competent for state under Code 1907, § 4009, to cross-examine defendant as to his conviction of crime for purpose of affecting his credibility as witness.

8. Forgery ⚖⟶47 — Directed verdict for defendant on conflicting evidence properly overruled.

Where there was conflict in evidence and it was sufficient to justify conviction of second degree forgery, if jury believed therefrom beyond reasonable doubt that defendant was guilty, motion to exclude evidence and direct verdict for defendant was properly overruled.

9. Criminal law ⚖⟶815(3)—Charges held properly refused as pretermitting conviction of uttering and publishing as true forged check.

In prosecution for forgery and uttering forged check, charges that burden was on state to show that defendant wrote name appearing on check, and that jury could not convict if there was reasonable doubt as to who forged name, held properly refused as pretermitting conviction of uttering check and publishing it as true.

10. Criminal law ⚖⟶815(3)—Charge held properly refused as pretermitting conviction if name on check was written by another at defendant's instance.

In forgery prosecution, charge that burden was on state to show that defendant wrote name appearing on face of check or uttered and published it as true, held properly refused as pretermitting conviction, if name was written by another at defendant's instance.

11. Criminal law ⚖⟶789(18)—Charge that jury must be satisfied beyond reasonable doubt of truth of each fact and circumstance necessary to establish guilt, properly refused.

Charge that jury could not convict, if not satisfied beyond reasonable doubt of truth of each fact or circumstance necessary to establish guilt, held properly refused.

12. Criminal law ⚖⟶829(1)—Charges substantially covered by oral charge properly refused.

Charges substantially covered by court's oral charge, held properly refused.

13. Criminal law ⚖⟶782(11)—Charge to acquit, unless each juror would act on contrary decision in matters of highest personal concern, properly refused.

Charge that to convict jury must be satisfied to moral certainty that proof is not only consistent with guilt, but wholly inconsistent with every other rational conclusion, and that they must acquit unless so convinced by evidence of guilt that each would venture to act on such decision on matters of highest concern to himself, held properly refused.

14. Criminal law ⚖⟶815(12)—Charge held properly refused as pretermitting guilt of committing crime in conjunction with another.

Charge that proof of criminal charge involves proof that act was done, and that it was done by person charged and none other, held properly refused as pretermitting guilt of one committing crime in conjunction with another.

15. Criminal law ⚖⟶782(9)—Charge held properly refused as exacting too high degree of proof.

Charge that if jury's minds, after fair consideration of all evidence, were left in state of confusion as to whether defendant was guilty, they could not convict, held properly refused as exacting too high degree of proof.

On Rehearing.

16. Criminal law ⚖⟶721½(1)—Overruling objection to solicitor's comment on defendant's failure to produce witness held prejudicial error.

Overruling objection to solicitor's argument commenting on defendant's failure to produce witness, who was within court's jurisdiction, and equally accessible to state and defendant, held prejudicial error.

⚖⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**17. Criminal law ⟨key⟩699—Court's failure to disabuse jury's minds of prejudicial impression by unwarranted argument reversible error.**

Much must be committed to presiding judge's sound discretion as to argument allowed but his failure, on objection, to restrain, and, by positive and explicit instructions, disabuse, as far as practicable, jury's minds of any prejudicial impression, from unwarranted abuse of privilege, will work reversal if injustice to accused was probable result.

**18. Criminal law ⟨key⟩317, 721½(1)—No unfavorable inference may be drawn or unfavorable argument made from absence of witness whose evidence is equally accessible to state.**

No inference unfavorable to accused may be drawn, or unfavorable argument of counsel made, because of absence of testimony of witness whose evidence is shown to be equally accessible to state.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Joe McDaniel was convicted of forgery in the second degree, and he appeals. Reversed and remanded on rehearing.

Certiorari denied by Supreme Court in Ex parte State (McDaniel v. State) 212 Ala. 415, 102 So. 791.

The indictment upon which the defendant was tried is as follows:

"The grand jury of said county charge that before the finding of this indictment Joe McDaniel, with intent to injure or defraud, did falsely make, alter, forge or counterfeit an instrument in writing, in words and figures substantially as follows:

"Birmingham, Ala., Jan. 19, 1923.  No.——. Traders' National Bank of Birmingham: Pay to the order of cash $68.26, sixty-eight dollars twenty-six cents    dollars.

"J. R. Upshaw.

"And the grand jury further charge that said alteration, forgery, or counterfeiting consisted in the signing of the name of J. R. Upshaw where the same appears on the face of said instrument in writing; or, with intent to injure or defraud, did utter and publish as true the said falsely made, altered, forged, or counterfeited instrument in writing, knowing the same to be so made, altered, forged, or counterfeited, against the peace and dignity of the state of Alabama."

These charges were refused to defendant:

"(2) The court charges the jury, that, if you find from the evidence of this case, after a fair consideration of the whole of the evidence, that no one wrote the name of J. R. Upshaw, as the drawer of the check described in the indictment thereon at the instance of the defendant, then, it devolves upon the state to show to the satisfaction of the jury, beyond a reasonable doubt, by the evidence, that the defendant wrote the name of J. R. Upshaw where that name appears on the face of the check; and, if the state has failed to so satisfy the jury by the evidence of this case, then it will be the duty of the jury to find the defendant not guilty."

"(3) The court charges the jury, that if they believe from the evidence of this case persons other than the defendant had equal opportunity to forge the name of J. R. Upshaw to the check, and send the same to the Traders' National Bank for payment, then the jury may look to such fact in connection with all the other evidence of the case; and, if a reasonable doubt exists in the minds of the jury as to who forged the name of J. R. Upshaw on the face of the check, the defendant in this case would not be proven guilty by that degree of proof which the law requires, and the jury could not convict in this case.

"(4) The court charges the jury that if they find from the evidence of this case that the check on which J. R. Upshaw's name is alleged to have been forged went through the hands of Louis Smith, the jury may look to this in weighing the evidence of Louis Smith, and, if a reasonable doubt exists in your minds, from any part of the evidence, after a fair consideration of the whole of the evidence, as to who forged the name of J. R. Upshaw, then you could not convict the defendant in this case.

"(5) The court charges the jury, that the burden is on the state to show to the jury by evidence so convincing as to leave no other reasonable conclusion in your minds than that defendant wrote the name of J. R. Upshaw on the face of the check alleged to have been forged, or that he uttered and published it as true, and if from all the evidence the jury are not so convinced, but are in doubt as to whether the defendant or some other person wrote it, then the defendant should not be convicted in this case."

"(7) The court charges the jury that each fact and circumstance necessary to establish the guilt of the defendant must be proven by the evidence of the case with the same degree of satisfaction to the minds of the jury as though the whole case depended upon such fact or circumstance, and, if the prosecution has not satisfied the minds of the jury by the evidence of this case beyond a reasonable doubt of the truth of each fact or circumstance necessary to establish the guilt of the defendant, then the jury cannot convict the defendant in this case."

"(16) Before the jury can convict the defendant they must be satisfied to a moral certainty, not only that the proof is consistent with the guilt of the defendant, but that it is wholly inconsistent with every other rational conclusion; and, unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty."

"(19) The court charges the jury that proof of a charge in criminal causes involves the proof of two distinct propositions: First, that the act itself was done; and, secondly, that it was done by the person charged, and by none other.

"(20) The court charges the jury that if the minds of the jury, after a fair consideration

of all the evidence in this case, are left in a state of confusion as to whether or not the defendant is guilty, then you cannot convict in this case."

J. B. Ivey, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

The check alleged to have been forged was not completely set out in the indictment. Bartlett v. State, 8 Ala. App. 248, 62 So. 320. The refusal of defendant's requested charges was error. Charge 2: Ming v. State, 73 Ala. 1; Dent v. State, 105 Ala. 14, 17 So. 94; Murphy v. State, 108 Ala. 10, 18 So. 557; Pitts v. State, 140 Ala. 70, 37 So. 101. Charges 3, 4, and 5: Gilmore v. State, 99 Ala. 154, 13 So. 536; Ex parte Acree, 63 Ala. 234; Spraggins v. State, 139 Ala. 93, 35 So. 1000. Charge 16: Burton v. State, 107 Ala. 108, 18 So. 284. Charge 19: Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536. Charge 20: B. R., L. & P. Co. v. Saxon, 179 Ala. 136, 59 So. 584; L. & N. v. Sullivan, 126 Ala. 95, 27 So. 760; Calhoun v. Hannan, 87 Ala. 277, 6 So. 291. It was reversible error for the court to allow the argument of the solicitor, commenting upon failure of the defendant to summon Pennington as a witness, to remain with the jury. Forman v. State, 190 Ala. 22, 67 So. 583; Anderson v. State, 104 Ala. 83, 16 So. 108; Dollar v. State, 99 Ala. 236, 13 So. 575; Sullivan v. State, 66 Ala. 48; Tannehille v. State, 159 Ala. 51, 48 So. 662; James v. State, 170 Ala. 72, 54 So. 494; Moulton v. State, 199 Ala. 411, 74 So. 454.

Harwell G. Davis, Atty. Gen., Lamar Field, Ass't. Atty. Gen., Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

The indictment was not subject to demurrer. Jennings v. State, 17 Ala. App. 640, 88 So. 187. Trial courts have wide latitude in admitting or rejecting evidence on cross-examination. May v. State, 16 Ala. App. 541, 79 So. 677. Charges 16 and 20 are bad. Parris v. State, 18 Ala. App. 240, 90 So. 808; Yarbrough v. State, 105 Ala. 48, 16 So. 758. The argument of the solicitor was legitimate. 1 Wharton on Evi. (2d Ed.) 590; Crump v. State, 7 Okl. Cr. 535, 124 Pac. 632; Hopson v. State, 121 Ark. 87, 180 S. W. 485; Bates v. Morris, 101 Ala. 282, 13 So. 138; Minton v. State, ante, p. 176, 101 So. 169; Lett v. State, 19 Ala. App. 298, 97 So. 148; White v. State, ante, p. 213, 101 So. 312. A motion to exclude is necessary to a review. Wadsworth v. State, 18 Ala. App. 352, 92 So. 245; Elliott v. State, 19 Ala. App. 263, 97 So. 115.

FOSTER, J. [1, 2] The appellant was convicted of forgery in the second degree. The indictment follows the form laid down for forgery in the second degree in so far as that form covers section 6910, Code 1907, except that it contains the following addi-tional words, "and the grand jury further charge that said alteration, forgery or counterfeiting consisted in signing the name of J. R. Upshaw where the same appears on the face of said instrument." Form 62, p. 670, Code 1907. There is no form in the Code for the latter part of section 6910, for uttering and publishing as true a forged check as set out in the indictment, and in drawing this part of the indictment the form for forgery in the first degree (Form 61, p. 670, Code 1907) was followed. It was not necessary to specifically aver in the indictment that the forgery consisted in signing the name of J. R. Upshaw to the check. Unnecessary averments in an indictment do not impair its validity. The most that can result from them is to hold the prosecution to proof of them. Aaron v. State, 39 Ala. 75; Johnson v. State, 35 Ala. 363.

[3] Section 7132, Code 1907, provides:

"The manner of stating the act constituting the offense as set forth in the forms given in article 7 of this chapter is sufficient in all cases in which the forms there given are applicable; in other cases forms may be used as near similar as the nature of the case and the rules prescribed in this chapter will permit."

When the Legislature declares what form of indictment is sufficient, such legislative direction is controlling, and an indictment pursuing such form is sufficient. Bailey v. State, 99 Ala. 143, 13 So. 566; Smith v. State, 63 Ala. 55; Wilson v. State, 61 Ala. 151. Indictments in the form prescribed by the Code are sufficient. 1 Mayf. Dig. § 11, p. 422. Analogous forms may be used. Brantley v. State, 91 Ala. 47, 8 So. 816; Harvey v. State, 15 Ala. App. 311, 73 So. 200.

[4, 5] Offenses of the same character, subject to the same punishment, may in the same count of an indictment be charged in the alternative. Section 7151, Code 1907. Under this statute a defendant may be charged with forgery and uttering a forged check in the same count. Johnson v. State, 35 Ala. 370. An indictment substantially the same as in the instant case was held good in Jennings v. State, 17 Ala. App. 640, 88 So. 187, and in Davis v. State, 165 Ala. 93, 51 So. 239. That the check set out in the indictment is not a true copy of the one alleged to have been forged, because the forged check had the word "insured" indented upon it with a protectograph, and had underneath the blank space for signature of the drawer the words "4 per cent. on savings" and had on the back thereof "W. M. Arnold," and that such words were omitted from the indictment was not good ground of demurrer.

[6] The demurrer to the indictment was properly overruled. Numerous exceptions were reserved to rulings of the court on the admission of evidence offered by the state. In many instances no motion was made to

exclude the answer, hence, in those cases, no question is presented for review. Rector v. State, 11 Ala. App. 333, 66 So. 857; Johnson v. State, 4 Ala. App. 62, 58 So. 754.

[7] It was competent for the state on cross-examination to ask defendant, who testified in his own behalf, as to his conviction for crime, for the purpose of affecting his credibility as a witness. Section 4009, Code 1907; Wells v. State, 131 Ala. 48, 31 So. 572.

We have carefully examined and considered the evidence and the exceptions reserved by the defendant, and find no merit in the exceptions.

[8] There was a conflict in the evidence, and it was sufficient to justify a conviction by the jury if they believed therefrom beyond a reasonable doubt that the defendant was guilty. The motion of defendant to exclude the evidence and direct a verdict for the defendant was properly overruled. Hargrove v. State, 147 Ala. 97, 41 So. 972, 119 Am. St. Rep. 60, 10 Ann. Cas. 1126; Barber v. State, 151 Ala. 56, 43 So. 808.

It was improper argument to the jury for the state's solicitor to comment upon the failure of the defendant to bring one Pennington into court to testify in his behalf. Objection was made and overruled by the court, and exception taken. But in the absence of a motion to exclude the statement, no question is here presented for review. The function of a court of review is to determine the correctness of the action of the trial court. Sharpe v. State, 193 Ala. 22, 69 So. 122; Lambert v. State, 208 Ala. 42, 93 So. 708; Elliott v. State, 19 Ala. App. 263, 97 So. 115.

Appellant insists that error was committed in the refusal of the trial court to give certain written charges requested by defendant. Refused charge 1 was the general affirmative charge for the defendant, and was properly refused. There was a conflict in the evidence and the evidence was sufficient to submit to the jury the question of the guilt vel non of the defendant.

[9] Charges 2, 3, and 4 pretermit a conviction of defendant for having uttered and published as true the alleged forged check. Even though defendant did not forge the name of J. R. Upshaw to the check, he would nevertheless be guilty if he had, with intent to defraud, uttered and published as true the alleged forged check knowing that the same had been forged.

[10-15] Charge 5 pretermits a conviction of defendant in the event the name of J. R. Upshaw was written by another at the instance of defendant. Charge 7 has been repeatedly condemned. Bell v. State, 140 Ala. 57, 37 So. 281; Parham v. State, 147 Ala. 57, 42 So. 1. Charges 11, 12, and 13 were substantially covered by the oral charge of the court. Charge 16 is condemned in Parris v. State, 18 Ala. App. 240, 90 So. 808; Amos v. State,

123 Ala. 50, 26 So. 524. Charge 19 is not a correct statement of law. It pretermits the guilt of a party who commits a crime in conjunction with another. Charge 20 exacts too high a degree of proof. Yarbrough v. State, 105 Ala. 48, 16 So. 758. Charges 21 and 22 were substantially covered by the oral charge of the court.

After verdict was rendered defendant moved for a new trial. We cannot say that the overruling of defendant's motion for a new trial was error.

No error is found in the record and the judgment of the circuit court is affirmed.

Affirmed.

## On Rehearing.

[16] It was prejudicial error for the trial court to overrule defendant's objection to that portion of the solicitor's argument commenting upon the failure of the defendant to produce as a witness in his behalf one Pennington, when the witness was within the jurisdiction of the court, and the evidence was equally accessible to the state and the defendant.

[17] "A presiding judge is called on to perform a most delicate and responsible duty when required to interfere with the freedom of argument, which is the privilege of counsel. Much must be committed to his sound discretion as to the course and character of the debate which should be allowed on the trial of a case, whether civil or criminal. When, however, there occurs an unwarranted abuse of the privilege, it becomes the imperative duty of the judge to restrain and rebuke, and by positive and explicit instructions disabuse, as far as practicable, the minds of the jury of any prejudicial impression. If, on objection being made, he fails to do so, such failure will work a reversal of the judgment, if injustice to the accused is the probable result. Childress v. State, 86 Ala. 77, 5 So. 775."

[18] It has been repeatedly declared by the Supreme Court and this court that no unfavorable inference may be drawn, and no unfavorable argument of counsel made, because of the absence of the testimony of a witness, where the evidence also shows such absent witness' evidence to be equally accessible to both parties. Coosa Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 So. 451; Jordan v. Austin, 161 Ala. 585, 50 So. 70; Hutcherson v. State, 165 Ala. 16, 50 So. 1027, 138 Am. St. Rep. 17; Forman v. State, 190 Ala. 22, 67 So. 583; Manley v. B. R. L. & P. Co., 191 Ala. 531, 68 So. 60; Bates v. Morris, 101 Ala. 282, 13 So. 138; Haynes v. McRae, 101 Ala. 318, 13 So. 270; Crawford v. State, 112 Ala. 1, 21 So. 214; Ethridge v. State, 124 Ala. 106, 27 So. 320; Mann v. State, 134 Ala. 1, 32 So. 704.

The court by overruling defendant's objection did not thereby give its approbation to the argument, but left the statement with

the jury. Exception was reserved to the action of the court. This error was brought to the attention of the court in the defendant's motion for a new trial, and should have been corrected at that time. For the refusal of the court to grant the motion for a new trial, the judgment of conviction must be reversed.

The application for rehearing is granted; the judgment of affirmance is set aside; and the judgment of conviction is reversed, and the cause is remanded.