142 So. 779

## SMITH v. STATE.

### 5 Div. 869.

Court of Appeals of Alabama.

June 21, 1932.

Strother & Fuller, W. O. Walton, and Chas. S. Moon, all of La Fayette, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

On Sunday before the 11th day of September, 1931, the defendant, Bob Smith, killed Claude De Lee, by shooting him with a gun or by striking him with a gun, or by shooting him and striking him with a gun. The evidence for the state tended to make out a case of murder, and that for the defendant that the killing was done in self-defense. Upon all questions involved in the plea of self-defense the evidence was in sharp conflict. That for the state tending to prove that the defendant was not free from fault in bringing on the fatal difficulty, and that for defendant that he was free from fault and that at the time he fired the first shot deceased was advancing on him in a threatening attitude with an open knife in his hand, that there was no reasonable mode of escape, without apparently increasing his peril; that defendant fired one shot at the feet or legs of deceased, at the same time telling him to stop; that instead of stopping deceased turned, drew a pistol, aimed it at defendant, and snapped it several times; that while deceased was pointing and snapping the pistol defendant shot deceased, who fell to his knees, and while deceased was trying to rise, with the pistol still in his hand defendant struck him with the gun and that ended the fight.

It was disclosed by the evidence that the gun was the property of defendant's brother, who lived in the county and was in attendance upon the trial. The solicitor in his closing argument to the jury and commenting upon the evidence and the inferences to be drawn therefrom said: "They had the shotgun and did not bring it here. Why did they leave it out?" Objection to this remark by defendant was overruled by the court and exception reserved. Just prior to the above statement the solicitor in his argument had

said: "Where is the gun, why isn't it here? They suppressed— " Objection of defendant to this remark was sustained by the court, but without comment or rebuke to the solicitor. The solicitor should not have made these remarks. There was nothing unusual or peculiar about the gun from which an inference could be drawn other than the fact that it was an ordinary double-barrel shotgun and a deadly weapon, and if the solicitor had deemed it to the interest of the prosecution to have had the gun in evidence, the right to bring it into court was equally open to the state as it was to the defendant. It has many times been held by this court and the Supreme Court that no unfavorable inference may be drawn and no unfavorable argument of counsel made because of the absence of testimony of a witness, where the evidence also shows (as it does here) such absent witnesses' evidence is equally accessible to both parties. McDaniel v. State, 20 Ala. App. 407, 102 So. 788. We see no distinction to be drawn between the oral testimony of a witness and the production of physical evidence, which though mute tells its own story.

After the verdict of guilt had been returned by the jury, the defendant made a motion for a new trial assigning nine grounds, of which the first four are as follows:

"1. Because the Court erred in overruling the defendant's objection to the statement of the Solicitor in his closing argument to the jury to the effect that they (meaning the defendant or his attorney) had the gun in their possession and they didn't bring it into court.

"2. Because the solicitor, in his closing argument to the jury, speaking of the gun with which defendant was charged with having shot the deceased, said, 'They had it in their possession and they didn't bring it into court,' to which defendant objected and the Court ·overruled · defendant's said objection and refused to exclude it from the jury, although no request had been made by the State, by the Solicitor or other officers of the State that said gun be brought into court and no intimation had been given that said gun was desired in said trial, and in this ruling the Court erred to the probable injury of the defendant.

"3. Because the solicitor in his closing argument to the jury, speaking of the gun with which defendant was charged with having shot the deceased, said 'They had it in their possession and they didn't bring it into Court,' meaning to charge that the defendant or his counsel or the defendant and his counsel had said gun in their possession and didn't bring it into Court, which was a statement or assertion of a fact as to which there was no evidence, and being a charge that the defendant or his counsel had purposely concealed or kept something from the Court that it was their duty to have produced, was calculated to greatly prejudice the defendant in the minds of the jury, and the Court erred in overruling the defendant's objection to said statement of the Solicitor and refusing to exclude same from the jury.

"4. Because the defendant, since said case was tried, has learned of facts which were and are highly important to his case, to his defense, namely, that one Hugh Winslett, just after the difficulty in which the deceased lost his life, found a knife at the scene of the difficulty and near where the deceased fell and where he was lying after he fell, which fact was unknown to the defendant or his counsel at the time of the trial and, because of the shortness of the time which the defendant had in which to make preparation for his trial, only four days having elapsed between the date on which the deceased met his death and the date of the trial of defendant, during which time the defendant was confined in jail and each of his counsel was busily engaged in court each of said days, and only two days elapsed between the date of the return of the indictment and the day of the trial, the defendant did not have opportunity to learn and collect all of the facts relative to his said case, or to ascertain the witnesses by whom proof could be made, and he says that it was not because of lack of diligence on his part or on the part of his attorneys that the foregoing fact was not known to him or his counsel at the time the trial was had."

Upon the hearing this motion was overruled and the defendant excepted. The evidence submitted on the motion proved the facts alleged in grounds 1, 2, 3, and 4, and tended to support the inferences alleged therein.

Having already discussed the statements of the solicitor set out in grounds 1, 2, and 3, further amplification here is unnecessary.

As to ground 4, which sets up newly discovered evidence, it developed on the hearing that before the evidence had been closed in the case, the solicitor was informed of the finding of the knife of deceased at the place of the difficulty shortly after the shooting, that upon receiving this information the solicitor sent for the witness Winslett, asked him about the knife, and when told by Winslett that he had found the knife and where, and had given it to a son of the deceased, ordered Winslett to go in the room with the state's witnesses, but did not call him to testify; that during the closing argument of the solicitor, and as a part thereof, he asked in a loud voice and with emphasis more than once: "Where is the knife, why isn't it here?" When asked on the hearing of the motion if he had not made use of the above remarks, his answer was: "Yes, but I was arguing to the jury then."

The incident above stated emphasizes the importance of the evidence as to the find-

ing of the knife and its bearing on the case. The evidence as to the knife was available to the state and not to the defendant at the time of trial. The lack of this evidence was through no lack of diligence on the part of defendant or his counsel. Taking and considering all the facts in this case, coupled with the acts, conduct, and argument of the solicitor, we are of the opinion that the motion for a new trial should have been granted. Middleton v. State, 22 Ala. App. 146, 113 So. 625; Inman v. State, 22 Ala. App. 344, 115 So. 704.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.