43 So.2d 839

## MEAD v. STATE.
### 6 Div. 979.

Court of Appeals of Alabama.
Jan. 10, 1950.

John R. Robinson, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

Billie Mead was indicted for forgery in the second degree. His conviction followed as charged.

 The indictment is in substantially the code form. Title 15, Sec. 259, Code 1940. The demurrers thereto were overruled without error. Overby v. State, 24 Ala.App. 254, 133 So. 915; Benson v. State, 124 Ala. 92, 27 So. 1; Davis v. State, 165 Ala. 93, 51 So. 239; McDaniel v. State, 20 Ala.App. 407, 102 So. 788; Jennings v. State, 17 Ala.App. 640, 88 So. 187.

In his motion for a new trial the appellant contends that one of the jurors selected to try his case had a conversation with the county solicitor.

The affidavits in support of this insistence fall far short of establishing any impropriety on the part of the assistant prosecutor. Neither is it shown that the appellant was in any manner injured in his rights by the incident.

The brief conversation occurred just after the jury had been selected and before the juror in question had taken his seat in the box. Appellant's affidavits simply state that there was a conversation without attempting to set out the contents thereof. The counter affidavits make proof that the interview related to a business matter which was entirely disassociated from appellant's case. It was very brief and all that was said was in the presence and hearing of the court and opposing counsel. The record does not disclose that there were any questions raised at the time by appellant's attorney.

In passing on the motion the trial judge stated that the conversation took place in the presence of the court. His position in ruling on the motion was at a decided advantage and his judgment should not be disturbed. Mullins v. State, 24 Ala. App. 78, 130 So. 527.

The appeal is here on the record proper without a transcription of the evidence. The grounds in the motion that the verdict was contrary to the great weight of the evidence are not, therefore, reviewable. York v. State, 34 Ala.App. 188, 39 So.2d 694.

The same rule applies with equal force to our authority to review the propriety vel non of the general affirmative charge for the defendant. York v. State, supra.

The record is regular in every respect, and the judgment below is due to be affirmed. It is so ordered.

Affirmed.